UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
No.25-1513

ANTONIO M. SMITH,
PLAINTIFF-APPELLANT,

V.

ERIC PETERS, et al.,
DEFENDANTS-APPELLEES

U.S.C.A. – 7th Circuit
RECEIVED
SEP 09 2025

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN
THE HONORABLE JAMES D. PETERSON, PRESIDING

# PLAINTIFF-APPELLANT, BRIEF

RESPECTFULLY SUBMITTED BY,

ANTONIO M. SMITH # 275561
Columbia Corr. Inst.
2925 Columbia Drive
P.O.Box 950
Portage, WI 53901

## TABLE OF CONTENT


| | Pages |
|---|---|
| JURISDICTIONAL STATEMENT | II |
| INTRODUCTION | II |
| STATEMENT OF THE CASE | III |
| STATEMENT OF THE ISSUES | III |
| SUMMARY OF THE ARGUMENTS | IIII |
| STANDARD OF REVIEW | IIII |
| ARGUMENTS | |
| I.) DISTRICT COURT ABUSED ITS INHERENT AUTHORITY PURS. FEDERAL RULE CIVIL PROC. 11 BY ADVOCATING FOR DEFENDANTS AND SUA SPONTE IMPOSED SANCTIONS. | pgs.2-5 |
| II.) DISTRICT COURT ABUSED ITS DISCRETION BY NOT SANCTIONING DEFENDANTS FOR SPOLIATION/ INTENTIONAL DESTRUCTION OF EXHAUSTION FILES. | pgs.5--6 |
| CONCLUSION | pg.7 |


## TABLE OF AUTHORITIES


| | |
|---|---|
| Allen v. Chicago Transit Auth.,317 F.3d 696(7th Cir.2003) | 5 |
| Arthur Andersen,LLP. v. U.S.,544 U.S.696,125 S.Ct.2129(2005) | 5 |
| Ashafa v. City of Chicago,146 F.3d 459(7th Cir.1998) | 6 |
| George v. Smith,467 F.Supp.2d 906(W.D.Wis.2006) | 6 |
| In re Rimat,212 F.3d 1039(7th Cir.2000) | 3 |
| Johnson v. Cherry,422 F.3d 540(7th Cir.2005) | 3 |
| Jolly Group,Ltd. v. Medline Indust.,Inc.,435 F.3d 717(7th Cir.2006) | 3 |
| Nisenbaum v. Milwaukee Ctny.,333 F.3d 804(7th Cir.2003) | 3 |
| N.Illinios Telecomm. v. PNC Bank,850 F.3d 880(7th Cir.2020) | 3 |
| Pliler v. Ford,542 U.S.225,124 S.Ct.2441(2004) | 3 ~~3Rivera~~ |
| Rivera v. Drake,767 F.3d 685(7th Cir.2014) | 5 |

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant Antonio M.Smith brought his claim under 42 U.S.C. sec.1983 stating that prison officials violated his right of the United States Constitution First, Fourth, Eight, and Fourteenth Amendment.Dkt.#1-2 The District Court had federal question jurisdiction in this action under 28 U.S.C. sec.1331 and sec.1343(a). On March 24,2025, the United States District Court for the Western District of Wisconsin issued Order/Opinion sua sponte entering severe sanctions of Dismissal with prejudice against Appellant-Plaintiff Smith for allegedly making forged documents.Dkt.86

Appellant-Plaintiff Smith filed his Notice of Appeal on March 26, 2025.Dkt.#88. Seventh Circuit Court of Appeals has jurisdiction to decide this appeal pursuant to 28 U.S.C. sec.1291.

## INTRODUCTION

Antonio M. Smith is a Wisconsin prisoner who filed civil action claiming that Defendant Peters,et al., prison officials violated his rights under the First, Fourth, Eighth, and Fourteenth Amend. of U.S. Constitution. Appellant-Plaintiff Smith filed Motion For Preliminary Injunction/Temporary Restraining Order using Adult Conduct Report with unpagenated pages as evidence.Dkt.# 8-9. Defendants peters,et al., filed Motion For Summary Judgement for Failure to Exhaust Admin. Remedies.Dkt.#35-to-41.

District Court Judge Peterson initiated sua sponte Sanctions under his belief that Adult Conduct Report appeal was false. Appellant Smith told the Court he was following the Court Preliminary Pretrial Packet that all documents be pagenated before submitting to the Courts. Defendants did not object to District Judge Peterson acting as thier counsel sua sponte requesting sanctions for documents Defendants petersa, et al., never set forth evidence that documents were false; because Defendants had destroyed the original documents. After an evidentiary hearing on the claim of the Court, District Judge Peterson determined that Appellant Smith claims for changwe in documents were implausible and imposed sanction of Dismissal with prejudice; because Appellant Smith followed the court Preliminary Pretrial Packet to pagenate all pages and Appellant Smith misstakenly wrote wrong date on report forms. District Judge made the same misstake Appellant Smith made when the Court submitted its Order.

## ISSUES PRESENTED

1.) Did District Court abuse its inherent authority purs. Federal Rules Civil Proc. 11 by advocating for defendants and sua sponte imposing sanctions?

2.) Did District Court abuse its discretion by not imposing sanctions upon Defendants for spoliation/destruction of exhaustion files?

## STATEMENT OF THE CASE

Antonio M. Smith is an inmate at Columbia Correctional Institution in Wisconsin Dept. of Corr..
Defendants in this case are all present and former employees of Wisconsin Dept. of Corr.; working at Columbia Corr. Inst..Dkt.#1 & #7.
District Court allowed Plaintiff Smith to proceed on:(1.) A First Amend. retaliation claim;(2) First Amend. claim based on the opening and reading of his legal mail;(3) First Amend. claim based on the withholding of his legal and other mail;(4) Fourth Amend. claim based on the opening, reading, and withholding of his legal mail;(5) Fourth Amend.claim based on a retaliatory strip search;(6) Eighth Amend. excessive force claim; and (7) Fourteenth Amend. class-of-one equal protection claim.Dkt.#13

Defendants peters,et al., filed Motion For Summary Judgement For Failure To Exhaust Admin. Remedies.Dkt.# 35-to-41.

District Couyrt sua sponte raised issue of sanctions against Appellant-Plaintiff Smith because Appellant Smith followed Court Preliminary Pretrial Packet to pagenate all pages on documents submitted to the court; and Appellant Smith misstakenly put a future date on a document, which the District Court made the same mistake in its decision for sanctions. see Dkt.#86,pgs.3-4. District Court said that Appellant Smith submitted false documents because the court could not see how Appellant Smith could put a future date on present document.Dkt.86,pgs.7-8. Yet, District Court did the exact mistake by saying that Evidentiary Hearing was held March 30, 2025(Dkt.86,pg.1); when the hearing was held March 20,2025.Dkt.85.

Because District Court made the same mistake, Seventh Circuit should Reverse!

## SUMMARY OF THE ARGUMENTS

Federal precedent has established that a Judge abuse thier discretion by sua sponte initiating sanctions against a litigant by its inherent authority purs. to FRCP 11, without complying with Safe-Habor rule to give offending party opportunity and Notice of what documents offends the court; when advocating for one side-over-the-other. Pliler v. Ford, 542 U.S. 225(2004); Divane v. Krull Elec. Co., Inc., 200 F.3d 1020, at1030(7th Cir.1999) (Judge lindberg would have abused his discretion if he imposed sanctions sua sponte pursuant to Rule 11(c)(1)). These sanctions was a direct product of Appellant Smith following directive of District Judge Peterson sending Appellant Smith "Preliminary Pretrial Packet" with directive to pagenate each each document before submitting to courts. Dkt.24. judge found Appellant Smith to have forged/falsified evidence because he misstakenly put the wrong date on his appeal form. Yet, the District Judge made the same mistake and future dated a hearing that never happen. Therefore, District Court decision should be Reversed and Remanded.

## STANDARD OF REVIEW

Federal Rule of Civil Proc.11(b) require Litigants to certify to the best of their knowledge, information, and belief, formed after an inquiry resonable under the circumstances that their findings have foundation in fact and law and lack an improper purpose. Royce v. Michael R. Needle P.C., 950 F.3d9 939,957(7th Cir.2020). Rule 11 has a "Safe-Habor" which allows the party or attorney facing sanctions to cure the challenged filings by amendment or dismissal. The Rule 11 mandate Motions for Sanction to be served on the opposing party at least 21 days before the motion is filed in court. The idea id is that the 21 days window allows parties to sort their disputes out independently, before involving the court. see Nisenbaum v. Milwaukee Cnty., 333 F.3d 804,808(7th Cir.2003).

When the Circuiot Judge sua sponte file/initiate sanctions by its inherent power, Rule 11 Safe-Habor mandate is taken away denying Litigants due process of Notice and opportunity to correct offending documents filed in courts. It is an abuse of discretion for District C Court to impose sanctions without notice. Davane, 200 F.3d at 1030.

I.) DISTRICT COURT ABUSED ITS INHERENT AUTHORITY PUR. FED. RULE CIVIL PROC. 11 BY ADVOCATING FOR DEFENDANTS AND SUA SPONTE IMPOSED SANCTIONS.

April 24,2023, Appellant Smith filed a Motion For Temporary Restraining Order And Preliminary Injunction(DKT.#8) and Declaration(Dkt.#9) with exhibitas setting forth violations District Court had authority to grant. Due to unpaganated pages, District Judge Peterson sent Appellant Smith "Preliminary Pretrial Packet" directing Appellant Smith to pagenate all pages of evidence/documents submitted to the courts.see Dkt.#24

After District Judge Peterson sent Preliminary Pretrial Packet to Appellant Smith; Appellant Smith followed the packet to pagenate each page of brief and evidence submitted to the court when he filed response to Defendants Motion For Summary Judgement. Dkt.#53-55

Because Appellant Smith pagenated his pages for attached evidence documents to his Declaration of Adult Conduct Reports(Dkt.55:Exh.#1); District Judge Peterson sua sponte advocated and imposed sanction upon Appellant Smith pur. Rule 11, because Appellant Smith pagenated pages of Exh.#1 Adult Conduct Report as directed by Judge Peterson.

As sanction pur. Rule 11, Judge Peterson dismissed action with prejudice because Appellant Smith pagenated pages in response to defendants Motion for Summary Judgement; which Appellant Smith did not know the Court was so strict in filing documents when Appellant Smith filed Motion For Temporary Restraining Order/Preliminary Injunction.Dkt#8-9

District Judge Peterson advocating for Defendants to impose sanctions, viloated Rule 11 Safe-Habor mandate warning before dismissal.

Question: Was the action of Appellant Smith sanctionable when Appellant Smith followed Judge Peterson Pretrial Orders to pegenate Exhibit pages in response to Defendants Motion For Summary Judgment, that was not pagenated in Appellant Smith Motion for Preliminary Injuction and Restraining Order?

In any event of sanctions, the Court should have restricted/struck document from the record if the parties pointed out any discrepancy.Rule 37

"Before a court may impose sanctions sua sponte, it must give the offending party notice of its intent to do so and the opportunity to be heard". see Johnson v. Cherry,422 F.3d 540,551(7th Cir.2005); The Jolly Group,Ltd. v. Medline Indus.,Inc.,435 F.3d 717,720(7th Cir.2006)."This is true whether the court is sanctioning a party pursuant to its authority under Rule 11,section 1927,or its inherent authority".Johnson,422 F.3d at 551. General notices are insufficient. The offending party must be on notice of the specific conduct for which he is potentially subjuct to sanctions." Id. at 551-552 (citing In re Rimsat,Ltd.,212 F.3d 1039,1045-46(7th Cir.2000)).

As violation of Safe-Habor mandate, District Court did not specificALLY give warning of sanctions nor tell Appellant Smith what documents was being considered sanctionable nor why; so Appellant Smith could withdraw the offending documents; mandating reversal of sanctions. Nisenbaum v. Milwaukee County,333 F.3d 804,at 808(7th Cir.2003),North Illinois Telecomm. v. PNC Bank,850 F.3d 880(7th Cir.2020)(fail;ure to give Safe-Habor warning,mandate reversal.). Acting on behalf of Defendants and the Court refusal to give Appellant Smith Notice of Safe-Habor; was judicial bias when the Court acted sua sponte. United States Supreme Court stated"District Judges have no o obligation to act as counsel or paralegal to any litgant in court". see Pliler v. Ford,542 U.S.225,at 231,124 S.Ct. 2441(2004)(citing Martinez v. Court of Appeals of Cal.,).

As violation of U.S.Supreme Ct. precedent in Pliler that prohibits Judges from advocating/filing Motions on behalf of Litigants; District Judge Peterson sua sponte initiated sanction by the courts power against will of Defendants:"So this is not really the government motion; but they are moving for exhaustion, and this kind of is part of that".Dkt.#85,pg.3, par.14-17.

District Judge Peterson explained to Appellant Smith that the court was "THE COURT: The real issue is did you submit those continuation pages with your original appeal? So I was realy curious to see the original yellow sheet because there is the writing up at the top potion makes reference to the continuation pages, saying one-of-three."Dkt.# 85,pg.50,60-61.
Appellant Smith did ADD pages"one-of-3" after the court sent Appellant Smith directive to pagenate each document as guidance for the court when numbering the pages. see Appendx.#1: Preliminary Pretrial Packet,pgs.3,4, and 14. Dkt.24. Really, the District Judge sanctioned Appellant Smith for following Court Ordered directives to pagenate pages.

At the directive of the Court, Defendants Attorney Paulson question Appellant Smith concering "How did you have different dates on the forms?". see Dkt.85,pgs.6-7; and Court Order/opinion Dkt.#86,pg.8"Third, Smith dated each page December 8,2023, even though Fuchs dismissed the appeal on December 20, 2022.Although Smith did not address this discrepancy at the hearing, he said that he meant to write December 8,2022, when moving for reconsideration of my order setting a hearing.Dkt.76 at 3. But I find it unlikely that Smith would have mistakenly written a future year. When people miswrite the year, they typically write the previous year,not a future year."Dkt.86,pg.8.

If this action of mistake is sanctionable, then Seventh Cir. should Reverse sanction because District Judge did exact mistake in his Order to sanction. see Dkt.#86,pg.1,lines 7-10"On March 30,2025,I held an evidentiary hearing to determine whether Smith fabricated those documents." It is clear that the court DID NOT hold hearing on March 30,2025 because the Judge Opinion/Order was docketed on March 24,2025(Dkt.#86); the hearing was March 20,2025.Dkt.#85.

Question: Why did District Judge forward/or lie that the hearing was held at a future date?

For the same reasons District Court imposed sanctions against Appellant Smith for making same error in the mist of litigation, the process become a war of fog that can cause the best Judge/Litigant to make a mistake.see "The Art Of War" by Sun-Tzu

Based upon the above fact in the record and evidence, Appellant Smith request Seventh Circuit to REVERSE District Court decision to impose severe sanction of Dismissing action based upon the following grounds:

I.) District Judge did not give Appellant Smith "Fair Notice" of what documents offended the filing mandate.Dkt.#86; and Dkt.85,pg.3,lines14-through-16

II.) District Court abused its discretion by failing to give Apppellant Smith "Safe-Habor" Notice to withdraw alleged false document Court claimed had wrong date/page numbers missing; when Appellant Smith was following Directive of Judge Peterson to pagenate each page. see Dkt.#24,pgs.3,4, and 14. Judge sanctions was sua sponte.

III.) Sua sponte sanctions was not a lesser sanction when the court had

authority to strike the Appeal files the Court claim Appellant Smith made a mistake that the Court made the same mistake of date its decision in the future.Dkt.86,pg.1,lines 7-10.
Allen v. Chicago Transit Auth., 317 F.3d 696,at703(7th Cir. 2003)( Was the documents harmless to litigation, and both parties commit violations warranting sanctions as destruction of evidence.)

II.) DISTRICT COURT ABUSED ITS DISCRETION BY NOT SANCTIONING THE DEFENDANTS FOR DESTRUCTION OF EXHAUSTION FILES/ SPOILIATION.

Appellant Smith claim District Court abused its discretion by not imposing sanctions upon Defendants for intentionally destroying evidence of exhaustion files to prevent Appellant Smith proving he did exhaiust administrative remedies purs.PLRA.

At the evidentiary hearing, Defendants admitted their policy was to destroy Appellant Smith records once he filed and won his appeal.see Dkt.85,pgs.19,lines 19-25;pg.20,lines 1-6,19-23;pg.21,lines 23-25;pg.22, lines 14-25;pg.38,lines 20-25;pg.39,lines 1-6;pg.48,lines 17-25.

District Judge Peterson acknowledged Defendants destroyed exhaustion files. Dkt.85,pg.62-63,lines 20-25,1-5; Dkt.#86,pg.9

District Court stated that Defendants effort of destroying exhaustion files was not relevant due to policy directing destruction of evidence; but no defendant could produce evidence of this destruction policy.

District Court use of inherent authority to sanction must be viewed as an abuse of discretion. The severity of a sanction should be proportional to the gravity of the offense. Allen,317 F.3d at 703; Rivera v. Drake,767 F.3d 685,686-687(7th Cir. 2014)

If anyone should have been sanction for act in bad faith, should have been Defendants ADMISSION of destroying exhaustion files to hinder Appellant Smith from proving exhaustion of administrative remedies. Federal Civil Rule Proc. 11 mandate Default Judgement against defendants for destructuion of evidence. Arthur Andersen,LLp. v. U.S.,544 U.S. 696,704, 125 S.Ct. 2129(2005)("Once a party anticipate litigation, it must suspend routine document retention policy and put in place a litigation hold to ensure preservation of evidence".)

Because defendants Peters,et al., had retention policy to destroy exhaustion files for Appeals of Adult Conduct Reports when they knew they had to preserve documents for PLRA; Defendants Peters,et al, filed Motion For Summary Judgement for Failure to Exhaust with knowledge that exhaustion files were destroyed.Dkt.#35-to41. The Seventh Cir. Held "Equitable estoppel say no man will be permitted to profit from his own wrongdoing in a court of juriddiction". Ashafa v. City of Chicago,146 F.3d 459,462-464(&th Cir.1998). District Court initiating sanctions sua sponte; created bais as it advocated and fail to sanction Defendants for intentional destruction of evidence; resulting in dismissal of action.Dkt.86.

It has been the Western District Court precedent that prison officials can not obtain Summary Judgement for failure to exhaust if prison officials destroy exhaustion files. George v. Smith,467 F.Supp.2d 906,909-12(W.D.Wis. 2006)(Hon.Crabb stated:"I caution Defense counsel when material are withheld from an inmate and then destroyed or lost so that the Court can not review them absent the original document themselves, Defendants will be unable to previal on Motion For Summary Judgement and may well face consequences for spoliation.").

District Court found"Thats a terrible policy, and I would encourage you to discuss with your client,how they sholld revise that policy because the exhaustion issue comes up quite regularly. And if a conduct report is reversed and they destroy the documents."Dkt.85,pg.63,lines14-25.

Based upon the Court finding that Defendants Peters,et al, had destroyed Appeal of Conduct reports and exhaustion files they were required to preserve purs. to PLRA; Appellant Smith reqeust the Court of Appeals to REVERSE District Court decision to not impose sanctions when Defendants ADMITTED destructio dèstruction of evidence was a policy the court had no proof existed, as an abuse of discretion; and REMAND with direction to force Defendants to prove retention policy existed and sanction for destruction of evidence.

## CONCLUSION

Based upon the above facts and record, Appellant Smith reqeust the Court to REVERSE and REMAND this case back with direction to lift sanctions aginst Appellant Smith; and impose sanctions against Defendants for admitting to destruction of evidence.

Dated: 8-18-25

RESPECTFULLY SUBMITTED BY,

Antonio M. Smith #275561
Columbia Corr. Inst.
2925 Columbia Drive
P.O.Box 950
Portage, WI 53901

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
NO. 25-1513

ANTONIO M. SMITH,
Plaintiff-Appellant,

v.

ERIC PETERS, et al.,
Defendants-Appellees.

---

# PLAINTIFF-APPELLANT APPENDIX

---

STANDARD ATTACHMENT FOR CIVIL CASES
ASSIGNED TO JUDGE PETERSON - 4 Pages

Plaintiff-Appellant / Appendix

STANDARD ATTACHMENTS FOR CIVIL CASES
ASSIGNED TO JUDGE PETERSON

Motions For Summary Judgment .......... 2

Guidance To *Pro Se* Litigants Regarding Motions for Summary Judgment .......... 8

Procedure Governing Final Pretrial Conference .......... 9

Order Governing Final Pretrial Conference in Bench Trials .......... 10

Procedure For Trial Exhibits .......... 14

Trial Exhibit Form .......... 15

Standard Voir Dire Questions .......... 16

Standard Civil Jury Instructions .......... 18

Procedure For Calling Witnesses To Trial .......... 33

Procedure For Non-Jury Cases .......... 34

Attorney Fees .......... 39

Policy Regarding Counsel Rooms During Trial .......... 40

Policy Regarding Contacting Jurors .......... 41

Policy Regarding Settlements, Stipulated Dismissals, and other Dispositions of a Case .......... 42

Standing Order Regarding Electronic Evidence .......... 43

## MOTIONS FOR SUMMARY JUDGMENT

These procedures explain how to present and oppose motions for summary judgment. You should follow these procedures and Rule 56 carefully.

These procedures require careful preparation of statements of proposed findings of fact. The purpose of these statements of proposed findings of fact is to clearly identify the essential facts material to the motion for summary judgment, and to help the court determine if those facts are genuinely disputed. A dispute of fact is genuine if both sides have evidentiary support for their positions. Accordingly, these procedures are also designed to help the court see the evidentiary support for the proposed facts. The court will not search the record for facts or evidence.

The fact documents are most useful if the proposed facts, and especially the responses and replies to those facts, are succinctly stated. The fact documents should not be inflated with lengthy argument. If the responses to fairly proposed facts, or the replies to fairly disputed facts, are inappropriately argumentative, then the court may strike the offending response, or in extreme cases, an offending pleading.

Because the material facts must be proposed in a statement of proposed facts, it is not necessary to repeat all those facts in the briefs. However, the court will find it helpful to have the background facts concisely stated in an introductory section of the brief.

### I. The motion for summary judgment

A. Contents:

1. A motion that clearly states the claims or defenses, or the parts of claims or defenses, for which summary judgment is sought.

2. A statement of proposed findings of fact that includes all facts needed to sustain the motion.

3. Evidentiary materials that support the proposed facts (*see* I.C.).

4. A supporting brief. Your brief is the place to make your legal argument, not the place to introduce facts into the record. However, you may find it helpful to include a concise overview of the background facts of the dispute. When you finish the brief, you should confirm that all the dispositive facts that you rely on are stated in the proposed findings of fact document.

B. Proposed findings of fact:

1. The purpose of the statement of proposed findings of fact is to clearly identify the material facts and to allow the court to determine whether those facts are genuinely in dispute.

2. The statement of proposed findings of fact must include all facts necessary to sustain the motion for summary judgment, including facts relating to jurisdiction and the identity of the parties.

3. A party must propose each fact in a separate, numbered paragraph, limited as nearly as practical to a single factual proposition.

4. Each factual proposition must be followed by a reference to evidence supporting the proposed fact. The citation must identify where in the record the evidence is located. If a party cites an affidavit of a witness who has submitted multiple affidavits or the deposition of a witness who has been deposed multiple times, then the citation must include the date that the document was created. Where possible, include the docket number. For example:

    1. Plaintiff Smith bought six Holstein calves on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.

5. Documents at issue in the case (e.g., patents, contracts, insurance policies, etc.) should be placed into the summary judgment record with a single proposed fact. For example:

    1. The contract between Smith and Jones is attached as Exhibit 1 to the Smith Affidavit.

   Do not propose multiple facts restating the individual provisions of the document. Do not propose facts stating your argument about the meaning of the document.

6. Do not propose facts reciting expert opinions or parties' arguments. You should address these issues in your brief with citations to the appropriate docket entries.

C. Evidence

1. As noted in I.B. above, a party must support each proposed finding with admissible evidence. The court will not search the record for evidence. Where possible, provide the docket number for the supporting evidence.

2. A proposed fact can be supported with any of the following evidence:

    - Depositions. Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony.
    - Answers to Interrogatories. State the number of the interrogatory and the party answering it.
    - Admissions made pursuant to Federal Rule of Civil Procedure 36. State the number of the requested admission and the identity of the party to whom it was directed; or
    - Other Admissions. Identify the document, the number of the page, and paragraph of the document in which that admission is made.

Key

- Affidavits. The page and paragraph number, the name of the affiant, and the date of the affidavit. (Affidavits must be made by persons who have first-hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)
- Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties. (State exhibit number, page, and paragraph.)

## II. The response to a motion for summary judgment

A. Contents:

1. A brief in opposition to the motion for summary judgment.
2. A response to each of the moving party's proposed finding of fact.
3. If necessary, additional proposed findings of fact needed to oppose the motion.
4. Evidentiary materials cited in the response to the moving party's facts or in the additional facts proposed by the non-moving party (following the instructions in section I.C. above).

B. If the responding party proposes its own findings of fact, it should following the procedure in I.B. and I.C. above. The purpose of additional proposed findings of fact is to *supplement* the moving party's proposed findings of fact, not to dispute the facts proposed by the moving party. Even if the responding party files additional proposed findings of fact, it *must also* respond to the each of the moving party's proposed findings of fact.

C. The court will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it.

D. Responses to the moving party's proposed findings of fact:

1. Answer each numbered fact proposed by the moving party in separate paragraphs, *using the same number*. The court strongly prefers that the responding party repeat verbatim the moving party's proposed fact and then respond to it.
2. All responses should be succinctly stated.
3. State clearly whether the fact is *disputed* or *undisputed*. If you dispute a proposed fact, state your version of the fact and cite to evidence that supports that version. For example:

    1. Plaintiff Smith bought six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶3.

C. Each party (or group of aligned parties) must file these documents not later than the second submission deadline for the final pretrial conference:

> (1) Terse responses to the statement of facts and proposed form of special verdict offered by its opponent(s) under ¶ B(2)(a) & (b) of this procedure, simply flagging the disputes. Note that objections to exhibits must be flagged on the exhibit list(s) submitted with the Joint Pretrial Statement pursuant to ¶ B(1)(e) of this procedure.
>
> *(2)* Responses to its opponent's motions in limine and *Daubert* challenges.
>
> (3) A response to its opponent's explanation regarding contested issues of law offered pursuant to ¶ B(2)(d) of this procedure.
>
> (4) A response to its opponent's explanation regarding deposition disputes offered pursuant to ¶ B(2)(e) of this procedure.
>
> (5) A response to any trial brief submitted by its opponent. Responses must not exceed 10 double-spaced pages, including case caption and signatures.

D. At the final pretrial conference, each party shall be represented by the lawyer who will actually try the case unless the party is proceeding *pro se*, in which case the *pro se* party must appear.

E. Following the final pretrial conference, not later than the deadline set by the presiding judge, each party shall submit to the court a complete set of its pre-marked trial exhibits to be used by the judge as working copies at trial. If voluminous, counsel may choose to submit this in electronic form on cd, memory stick, zip drive or other removable media. If the court does not set a submission deadline, then the default is noon, CST/CDT two work days before trial.

# PROCEDURE FOR TRIAL EXHIBITS

Pursuant to Federal Rule of Civil Procedure 26, the parties must file copies of their pretrial disclosures with the court. Exhibits for use at trial should not be docketed electronically. Counsel should use the form below to list their exhibits (a blank copy of the form is available on the court's website). Counsel are to retain the original exhibits following trial.

1. Each party is to label all of its exhibits.

2. Each party is to submit a list of its exhibits. The party should identify the witness(es) during whose testimony the exhibit will be offered into evidence, the number of each exhibit, and a brief description.

3. Objections to exhibits must be raised as part of a party's response to its opponent's pretrial disclosures. In addition to any brief, the objecting party must file a new copy of its opponent's list of exhibits, and the objecting party must complete the column for objections by adding a very short statement describing its objection.

4. Before the start of trial, each party is to provide the clerk's office with an exhibit list and a three-ring binder with copies of each exhibit that may be offered at trial. These copies will be for the judge's use. If the exhibits will fill more than one loose-leaf binder, then the parties are encouraged to provide electronic copies to the court on CD, memory stick, zip drive or other removable media. Unless otherwise directed by the court, each party must submit copies of its trial exhibits by 4:00 p.m. on the business day before the first day of trial (note that in many cases, this may be a Friday).

Key

5. As a general rule, the plaintiff should use exhibit numbers 1-500 and the defendant should use exhibit numbers 501 and up. If the parties can agree on a different, logical convention for numbering exhibits, then they are free to do so.

6. Each party is to maintain custody of its own exhibits throughout the trial. Counsel are to keep track of which exhibits have been admitted into evidence.

7. At the end of trial, each party is to retain all exhibits that become a part of the record. It is each party's responsibility to maintain its exhibits and to make arrangements with the clerk's office for including these exhibits in the appeal record.

8. Once reference is made to an exhibit at trial, the exhibit becomes part of the record, even though the exhibit might not be formally offered or might not be received.

Questions about these instructions may be directed to the clerk's office at (608) 264-5156.

# STANDING ORDER GOVERNING ELECTRONIC EVIDENCE TO BE USED BY THE JURY DURING ITS DELIBERATIONS

IT IS ORDERED THAT:

(1) Electronic evidence that a party intends to provide to the jury for the jury's use during deliberations must be in one of these formats: .pdf, .jpg, .bmp, .tif, .gif, .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav, .3gpp

(2) The size of individual files shall not exceed 500 MB.

(3) Electronic evidence file names must correspond unambiguously with the exhibit numbers used during trial.

(4) All electronic evidence admitted at trial must be loaded to CDs, DVDs or USB storage devices and submitted to the Deputy Clerk before jury deliberations unless the court permits later submission. The electronic storage media shall contain only admitted evidence and shall not include any other evidence or information.

(5) Any request for relief from Paragraph (1) must be presented in a timely-filed motion in limine that details the alternate format or alternate evidence review equipment the party seeks to use, along with an explanation why this is necessary.

BY THE COURT:
/s/
JAMES D. PETERSON
Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH, SR.,

Plaintiff,

v.

ERIC PETERS, LARRY FUCHS, RYAN BLOUNT, KEVIN PITZEN, LIEUTENANT LANGE, SERGEANT ROHWER, PHIPPS, WYNN, and EMILY LELAND,

Defendants.

OPINION and ORDER

23-cv-191-jdp

---

Plaintiff Antonio Marques Smith, Sr. is proceeding on several federal claims based in part on the allegation that officials at Columbia Correctional Institution (CCI) conspired to retaliate against him because he filed a civil rights lawsuit. Dkt. 13. The state defendants and defendant Emily Leland moved for summary judgment on exhaustion grounds. Dkt. 35 and Dkt. 40.

The state defendants raised the possibility that Smith could have fabricated documents related to an appeal of a conduct report that is central to the issue of exhaustion. *See* Dkt. 36 at 6 n.4. On March 30, 2025, I held an evidentiary hearing to determine whether Smith fabricated those documents. For reasons explained in this order, I find that Smith fabricated two continuation pages to support his opposition to the exhaustion motions. I will dismiss the case with prejudice as a sanction for Smith's dishonesty.

## BACKGROUND

Smith alleges in his amended complaint, Dkt. 7, that in late October 2022, the CCI investigative captain, defendant Eric Peters, told Smith that he knew that Smith had sued a Department of Corrections employee in the Eastern District of Wisconsin.

In late November 2022, Peters wrote conduct report 294247, alleging that three envelopes of purported legal mail addressed to Smith contained papers that tested positive for narcotics. The envelopes were opened outside Smith's presence by Peters and a detective for the Columbia County Sheriff's Department, defendant Emily Leland. Peters and Leland read the papers and failed to deliver them.

Smith's due process hearing on the conduct report took place on December 6, 2022. The administrative captain, defendant Kevin Pitzen, led the hearing. Smith alleges that he argued that: (1) the papers never tested positive for narcotics; and (2) the conduct report was "a continued harassment campaign by Peters, that was in retaliation" based on the Eastern District lawsuit and Smith's complaints to the warden, defendant Larry Fuchs, and other DOC staff. Dkt. 7 ¶ 35. Pitzen found Smith guilty and imposed 120 days' disciplinary segregation.

On December 13, 2022, while Smith was in segregation, now-deceased defendant Nathan Fosshage told him that the papers had never tested positive for narcotics, and that CCI officials and Leland conspired to fabricate the conduct report to retaliate against him for the lawsuit and to protect Peters. *Id.* ¶¶ 41–44.

I allowed Smith to proceed on: (1) a First Amendment retaliation claim; (2) a First Amendment claim based on the opening and reading of his legal mail; (3) a First Amendment claim based on the withholding of his legal and other mail; (4) a Fourth Amendment claim based on the opening, reading, and withholding of his legal mail; (5) a Fourth Amendment

claim based on a retaliatory strip search; (6) an Eighth Amendment excessive force claim; and (7) a Fourteenth Amendment class-of-one equal protection claim. Dkt. 13.

Claims 1–4 and 7 relate to conduct report 294247. To exhaust those claims, Smith had to raise those issues at the disciplinary hearing and again on appeal to Fuchs. *Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023). To oppose the exhaustion motions, Smith says that he exhausted claims 1–4 and 7 because he raised the underlying issues at the December 6 disciplinary hearing and on appeal to Fuchs. *See* Dkt. 55 at 11–13. Smith specifically says, "On December 8, 2022, I filed a 3 page DOC-91 APPEAL OF A CONTESTED HEARING, challenging the hearing officer's finding of guilt." *Id.* ¶ 30.

Defendants didn't have a copy of the appeal in their records, so they requested a copy from Smith during discovery, which he provided. Dkt. 36 at 6 n.4; Dkt. 39 ¶ 3. The copy Smith produced has three pages. Dkt. 39-1. The first page is on the DOC-91 form, for appeals of contested hearings. *Id.* at 1. The second and third pages are on form DOC-400B, a continuation page which provides more space for allegations in prisoner complaints or appeals. *Id.* at 2–3.

It's undisputed that Smith filed an appeal on the DOC-91 form on December 8, 2022. It's also undisputed that Fuchs dismissed the conduct report on December 20, 2022, because the papers were re-tested and no intoxicants were detected.

The primary issue for the evidentiary hearing in this court was whether Smith submitted the two continuation pages with his appeal to Fuchs, as he says, or if he prepared them later to support his opposition to the exhaustion motions. Dkt. 79 at 1.

## HEARING TESTIMONY AND EVIDENCE

Assistant Attorney General Rebecca Paulson appeared for the state defendants. Paulson called Smith adversely, and DOC employees Kristy Szelagowski, Pitzen, and Fuchs. Smith cross-examined Szelagowski, Pitzen, and Fuchs, and afterward he gave his own testimony. Zachary Flood, counsel for Leland, attended the hearing and joined Paulson's motion and argument. He made his own brief argument but did not call any witnesses or submit additional evidence.

### A. The state defendants' case

#### 1. Smith's testimony

The DOC-91 form uses carbonless copy paper in which the prisoner writes his appeal on the top white sheet and his writing is recorded on the bottom yellow sheet. Smith initially said that he used a pencil to complete the DOC-91 form, but he clarified that he used a pen to write all three pages of his appeal. Before Smith submitted the appeal to the warden, he wrote "1 of 3" on the first page, "2 of 3" on the second page, and "3 of 3" on the third page. I received that copy in evidence as exhibit 501. Dkt. 82-2.

Someone other than Pitzen documented Smith's prisoner statement at the disciplinary hearing. Smith acknowledged that to support the motion for injunctive relief that he filed in this case in April 2023, he filed a copy of the first page of the appeal that lacks the notation "1 of 3," and that he didn't file the purported continuation pages with that copy. I received that copy in evidence as exhibit 502. Dkt. 9-6; Dkt. 82-3.

#### 2. Szelagowski's testimony

Szelagowski has worked at CCI since 2013, and she has held the position of deputy warden secretary for the past six years. Szelagowski was the designated notetaker at disciplinary

hearings that were being held in that period, and she performed that duty at Smith's. She tried to type prisoners' statements word for word, but she would record just the key points if she couldn't hear everything or if the statements were repetitive. Szelagowski edited the statements only for grammar or spelling.

Szelagowski had no independent recollection of Smith's testimony at the disciplinary hearing, but she would expect her typed notes to be accurate. Had Smith contended that his conduct report was retaliatory, Szelagowski would have expected that contention to be in the conduct report's prisoner statement section. I received a copy of the conduct report in evidence as exhibit 500. Dkt. 82-1.

Prisoners receive only a DOC-91 form to appeal conduct reports, but they sometimes submit continuation pages. Pursuant to CCI's retention policy at the time, if the warden reverses the hearing officer's decision, the prisoner receives the carbon copy of the DOC-91 form, and the conduct report and other appeal documents are destroyed rather than preserved in the prisoner's file. Szelagowski could not identify a specific retention policy by number.

**3. Pitzen's testimony**

Pitzen has worked at CCI for more than 23 years and is currently an investigative captain. Pitzen was an administrative captain when Smith's hearing was held, and he led the hearing. Pitzen had no independent recollection of what occurred at Smith's disciplinary hearing. Pitzen has no knowledge of Smith's appeal or how appeals are handled generally, apart from the deadline to file an appeal.

**4. Fuchs's testimony**

Fuchs was the warden at CCI when Smith's disciplinary hearing was held, but he is now retired. Fuchs had no independent recollection of how many pages Smith's appeal contained

when he ruled on it, or whether he complained that staff was retaliating against him. Fuchs's understanding is that if a conduct report is reversed on appeal, the conduct report file is destroyed. Fuchs could not identify a specific retention policy by number.

**B. Smith's case**

Smith testified that he always includes continuation pages with his appeals of conduct reports, using the DOC-400B form. Smith didn't photocopy the appeal, but he prepared an identical handwritten copy of the two continuation pages. Smith didn't make an identical handwritten copy of the DOC-91 form because he expected to receive the carbon copy from prison staff. Smith said that in the bottom right corner of the section of the DOC-91 form where the prisoner states the reasons for appealing the disposition, he referred to a DOC-400B form.[1] Smith also said that the conduct report number and the date "12-8-2023" are clearly written on the DOC-91 form because he traced over those items in pen when he received the form back after Fuchs ruled on it.

I will also receive Smith's exhibits. Exhibit 1 is a purported original copy of the three-page appeal that Smith produced in discovery. Dkt. 84-1. Exhibit 2 is a response by defendant to a discovery request. Dkt. 84-2. The court retained the original yellow copy of the first page of exhibit 1 that Smith brought to the hearing.

---

[1] I have carefully reviewed the original yellow copy of the first page of the appeal, which Smith brought to the hearing, and the court has retained. With the exception of the traced-over conduct report number and date, Smith's writing on that form is faint, and much of it is illegible. The specific part where Smith contends that he referred to DOC-400B is completely illegible, and I cannot discern whether there is a reference to a "DOC-400B." I find that Smith's testimony is not corroborated by the original yellow copy.

## FINDINGS OF FACT AND ANALYSIS

A district court has the inherent power to sanction a party for abuse of the judicial process. *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). Dismissal of a case is an appropriate sanction for a party's submission of false documents. *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *see also Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

Based on the testimony and evidence presented at the hearing, and my review of the record, I find that Smith submitted only the one-page DOC-91 form to appeal Fuchs's decision on December 8, 2022, and that he prepared the continuation pages after the fact to attempt to oppose defendants' exhaustion motions. I base this finding primarily on five considerations.

First, Smith has submitted different versions of the first page of the appeal. The copy of the DOC-91 form that Smith submitted to support his motion for injunctive relief, which he filed in April 2023, doesn't have the notation "1 of 3" on it. Dkt. 9-6. But the purported original copy of the DOC-91 form that Smith produced to defendants in April 2024 has "1 of 3" written on it. Dkt. 82-2. Smith must have added "1 of 3" to the purported original copy during the course of this lawsuit. Smith's hearing testimony that he had written "1 of 3" on the DOC-91 form that he submitted in December 2022 is false. The DOC-91 form that Smith filed in April 2023 with his motion for injunctive relief doesn't have any continuation pages, and he could not explain why he didn't file them at that time.

Second, the issues stated in the continuation pages are much broader than the conduct report's prisoner statement. *Compare* Dkt. 84-1 at 2–3, *with* Dkt. 82-1 at 7. The summary says that Smith argued that his legal papers were authentic and didn't contain narcotics. But in the

continuation pages, Smith's raises issues that closely track the allegations in his amended complaint. The continuation pages allege that he was the victim of a retaliatory conspiracy based on the Eastern District lawsuit and other protected activity. I find Szelagowski's testimony credible. If Smith had raised the issue of retaliation at his conduct report hearing, it is likely that Szelagowski would have included that in the inmate's statement.

Third, the three-page version of the appeal has inconsistent dates. Smith dated each page December 8, 2023, even though Fuchs dismissed the appeal on December 20, 2022. Although Smith didn't directly address this discrepancy at the evidentiary hearing, he said that he meant to write December 8, 2022, when moving for reconsideration of my order setting a hearing. Dkt. 76 at 3. But I find it unlikely that Smith would have mistakenly written a future year. When people miswrite the year, they typically write the previous year, not a future one.

Fourth, Smith submitted other false testimony. After initially testifying that he completed the first page of the appeal with a pencil, Smith clarified that he used a pen to write each page. The continuation pages are legibly written with a pen. In contrast, the writing on the first page is mostly too faint to read. Smith testified that the writing is faint because the first appeal page is the carbon copy of the DOC-91 form. But Fuchs's decision written on the bottom of the form, presumably written with a pen, is sharp and easy to read. If Smith had used a pen as he says, his handwriting would likely have been similarly legible.

Fifth, Smith has made inconsistent statements about when he first realized that there was a retaliation *conspiracy* against him. In his amended complaint, Smith alleges that he learned about the conspiracy on December 13, 2022, when Fosshage spoke with him. *See* Dkt. 7 ¶¶ 38, 44. Smith alleges that he complained about a continued campaign of retaliatory harassment at the December 6 disciplinary hearing, but he doesn't refer to a conspiracy to retaliate against

him. *See id.* ¶ 35. By contrast, in both his opposition to the exhaustion motions and the continuation pages, Smith says that he complained about a retaliation conspiracy at the December 6 hearing. Dkt. 53 at 14; Dkt. 55 ¶ 28; Dkt. 84-1 at 2–3.

Smith argued at the evidentiary hearing that the dispute over the legitimacy of the continuation pages was ultimately defendant's fault, because they admit that they destroyed the documents related to conduct report 294247 and its appeal. I find defendant's testimony about the CCI record-retention policy credible, even though the policy itself is ill-conceived. A prisoner's appeal is relevant to show whether he has exhausted his administrative remedies on claims that might end up in litigation. So it's unwise to destroy those records, regardless of the outcome of the prisoner's appeal. But there is no legal requirement that the DOC preserve records of conduct report appeals, until the records are relevant to litigation, in which case all relevant evidence must be preserved. In this case, the destruction of the records took place before Smith filed this suit, so defendant's conduct is not sanctionable.

To sum up the factual findings, I find that Smith fabricated the two continuation pages during the course of this litigation to support his opposition to the exhaustion motions.

## CONCLUSION

A litigant can compel the opposing parties and the court to expend vast resources on the basis of bare allegations. In exchange for the privilege of access to the courts, I expect all litigants to be scrupulously honest in their statements to the court. Smith's submission of false documents is a grave insult to the integrity of the court and the judicial process. I will dismiss the case with prejudice as a sanction for Smith's dishonesty.

I have considered more serious sanctions, such as a filing bar, or dismissing Smith's other pending case in this court. But I will not impose a more serious sanction because there is no evidence that Smith has a history of dishonesty in the courts. But Smith is now forewarned: any further act of dishonesty to the court will be met with a severe sanction including a filing bar.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice as a sanction for plaintiff Antonio Marques Smith, Sr.'s dishonesty.

2. Defendants' motions for summary judgment on exhaustion grounds, Dkt. 35 and Dkt. 40, are DENIED as moot.

Entered March 24, 2025.

BY THE COURT:

/s/

________________________________________

JAMES D. PETERSON
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH, SR.,

Plaintiff,

Case No. 23-cv-191-jdp

v.

ERIC PETERS, LARRY FUCHS, RYAN BLOUNT, KEVIN PITZEN, LIEUTENANT LANGE, SERGEANT ROHWER, PHIPPS, WYNN, STACIE WEISS, KRISTY SZELAGOWSKI, EMILY LELAND, and PAUL FOSSHAGE,

Defendants.

JUDGMENT IN A CIVIL CASE

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of defendants dismissing this case with prejudice.

/s/ Deputy Clerk
Joel Turner, Clerk of Court

3/24/2025
Date