No. 25-1513

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

ANTONIO M. SMITH,

Plaintiff-Appellant,

v.

ERIC PETERS, et al.,

Defendants-Appellees.

APPEAL FROM JUDGMENT ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, THE HONORABLE JAMES D. PETERSON, PRESIDING

**BRIEF OF DEFENDANTS-APPELLEES ERIC PETERS, LARRY FUCHS, RYAN BLOUNT, KEVIN W. PITZEN, COOPER LANGE, DUSTIN RONWER, JEREMIAH PHIPPS, JEFFREY NGUYEN AND PAUL FOSSHAGE**


JOSHUA L. KAUL
Attorney General of Wisconsin

JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796

Attorneys for Defendants-Appellees
Peters, Fuchs, Blount, Pitzen, Lange, Ronwer, Phipps, Nguyen, and Fosshage

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3094
(608) 294-2907 (Fax)
jody.schmelzer@wisdoj.gov

## TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT .......... 1

INTRODUCTION .......... 1

ISSUES PRESENTED .......... 3

STATEMENT OF THE CASE .......... 4

I. Procedural history. .......... 4

A. Factual background leading to the district court's suspicion that Smith fabricated his conduct report appeal. .......... 4

B. The district court raises the issue of Smith's suspected fraud and schedules and evidentiary hearing. .......... 8

C. The evidentiary hearing. .......... 9

II. The district court's decision sanctioning Smith for fabricating his conduct report appeal. .......... 11

A. Findings of fact. .......... 11

B. The district court found that dismissal of Smith's case was the appropriate sanction. .......... 14

SUMMARY OF THE ARGUMENT .......... 15

STANDARD OF REVIEW .......... 16

ARGUMENT .......... 17

I. The district court did not abuse its discretion when it *sua sponte* ordered an evidentiary hearing and subsequently imposed sanctions after finding that Smith fabricated a document that was central to a pending dispositive motion. .......... 17

A. A district court may act *sua sponte* in investigating and issuing sanctions. .......... 18

Page

B. Smith's argument relying on the district court's Preliminary Pretrial Conference Order is waived. .......... 20

C. The district court properly considered the incorrect date Smith affixed to his conduct report appeal. .......... 22

II. The district court did not abuse its discretion when it declined to impose sanctions against Defendants for destroying Smith's conduct report records pursuant to its expungement policy and before any litigation was anticipated. .......... 23

CONCLUSION .......... 24

## TABLE OF AUTHORITIES

### Cases

*Ajala v. Tegels*, No. 22-cv-286-jdp,
2023 WL 3072782 (W.D. Wis. Apr. 25, 2023) .......... 6

*Allen v. City of Chicago*,
865 F.3d 936 (7th Cir. 2017) .......... 21

*Ayoubi v. Dart*,
640 F. App'x 524 (7th Cir. 2016) .......... 20

*Bracey v. Grondin*,
712 F.3d 1012 (7th Cir. 2013) .......... 24

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......... 19

*Fuery v. City of Chicago*,
900 F.3d 450 (7th Cir. 2018) .......... 20

*Gile v. United Airlines, Inc.*,
95 F.3d 492 (7th Cir. 1996) .......... 17

Page

*Goodyear Tire & Rubber Co. v. Haeger*,
581 U.S. 101 (2017) .................................................................... 18

*Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,*
529 F.3d 371 (7th Cir. 2008) ............................................................ 17

*Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Ams. LLC,*
516 F.3d 623 (7th Cir. 2008) ............................................................ 17

*Rivera v. Drake*,
767 F.3d 685 (7th Cir. 2014) ............................................................ 20

*Santoyo v. City of Chicago*,
141 F.4th 1328 (7th Cir. 2025) .......................................................... 19

*Schmude v. Sheahan,*
420 F.3d 645 (7th Cir. 2005) ............................................................ 17

*Secrease v. W. & S. Life Ins. Co.*,
800 F.3d 397 (7th Cir. 2015) ................................................ 16, 19, 23

*Trask-Morton v. Motel 6 Operating L.P.,*
534 F.3d 672 (7th Cir. 2008) ............................................................ 24

**Statutes**

28 U.S.C. § 1291 .......................................................................... 1

28 U.S.C. § 1331 .......................................................................... 1

28 U.S.C. § 1343(a)(4) .................................................................... 1

42 U.S.C. § 1983 .......................................................................... 1

42 U.S.C. § 1997e(a) ...................................................................... 6

**Rules**

Fed. R. Civ. P. 37(e) .................................................................... 24

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant's jurisdictional statement is not complete and correct. A complete jurisdictional statement follows.

The district court had federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiff-Appellant Antonio Smith brought his claims under 42 U.S.C. § 1983 alleging violations of the United States Constitution's First, Fourth, Eighth, and Fourteenth Amendments. (Dkt. 7, 13.)

On March 24, 2025, the United States District Court for the Western District of Wisconsin issued an order dismissing this case with prejudice as a sanction on Smith for fabricating evidence filed with the court. (Dkt. 86.) A final judgment was entered on March 24, 2025. (Dkt. 87.)

Smith filed his Notice of Appeal on March 26, 2025. (Dkt. 88.) This Court has jurisdiction to decide this appeal pursuant to 28 U.S.C. § 1291.

## INTRODUCTION

Antonio Smith is a litigious Wisconsin inmate who has filed several federal civil rights actions. In this action, Smith alleged that he was issued a conduct report when his legal papers tested positive for narcotics out of retaliation for filing a prior civil rights action in another court. His conduct report was dismissed after he appealed to the institution warden and retesting of his legal papers came back negative.

Shortly after commencing this action, Smith filed a motion for preliminary injunction supported, in part, by his own copy of his one-page conduct report appeal. Smith then learned in discovery that the institution's copy of his appeal was destroyed when his conduct report was reversed and expunged. Smith decided to capitalize on this void in his institution records after Defendants filed dispositive motions based upon his failure to exhaust. Defendants argued that Smith failed to exhaust any claims of retaliation through the conduct report proceeding, on appeal to the warden, and through the Department's grievance system.

Faced with possible dismissal of his claims, Smith produced and relied upon a fabricated version of his appeal that now contained two additional pages affixed to the one-page appeal he filed previously with the court. The two additional pages outlined his retaliation claims, were in different handwriting, and didn't match the color and tone of Smith's handwriting on the original one-page appeal. The original one-page appeal was also altered with the notation "1 of 3" pages, which did not appear on the version originally filed by Smith.

After Defendants pointed out the discrepancy with Smith's conduct report appeal and questioned whether his later version was fabricated, the district court *sua sponte* issued an order staying the pending dispositive motions and scheduled an evidentiary hearing to address whether Smith fabricated the three-page appeal. At the hearing, Smith had no explanation for the

discrepancies between the two versions of his appeal, and the court found that he had fabricated the two additional pages of his appeal during the course of litigation to support his opposition to the Defendants' exhaustion motion. The court dismissed his case as a sanction.

The district court did not abuse its discretion in sanctioning Smith after he got caught fabricating evidence in this case. While Smith appears to offer a new explanation on appeal for the discrepancies in the two different versions of his appeal, that explanation comes too late and was never presented by Smith in the district court. Further, the district court was well within its discretion when it chose not to sanction Defendants for destroying the institution copy of Smith's conduct report records after expungement, and Smith's argument to the contrary is no grounds for reversal of his sanction. While Defendants' expungement policy may not have been wise, no documents were destroyed in anticipation of litigation. Smith was appropriately sanctioned, and judgment should be affirmed.

## ISSUES PRESENTED

1. Did the district court abuse its discretion when it *sua sponte* ordered an evidentiary hearing and then imposed sanctions after finding that Smith fabricated a document that was central to a pending dispositive motion?

2. Did the district court abuse its discretion when it declined to impose sanctions against Defendants for destroying Smith's conduct report records pursuant to its expungement policy and before any litigation was anticipated?

## STATEMENT OF THE CASE

### I. Procedural history.

#### A. Factual background leading to the district court's suspicion that Smith fabricated his conduct report appeal.

Smith is an inmate with the Wisconsin Department of Corrections ("Department") currently housed at the Columbia Correctional Institution ("Columbia"). (Dkt. 62 ¶ 1.) Defendants Ryan Blount, Nathan Fosshage, Larry Fuchs, Cooper Lange, Jeffery Nguyen, Eric Peters, Jeremiah Phipps, Kevin Pitzen, and Dustin Rohwer were all Department employees employed at Columbia. (Dkt. 62 ¶¶ 2–10.) Defendant Emily Leeland is employed as a Sheriff's Detective at the Columbia County Sheriff's Department. (Dkt. 66 ¶ 11.)[1]

Smith alleges in his amended complaint that in late October 2022, Columbia's investigative captain, Defendant Eric Peters, told Smith that he knew that Smith had sued a Department employee in the Eastern District of Wisconsin. (Dkt. 7:5.)

[1] Leland is not a State of Wisconsin employee, so she has been represented by separate counsel throughout this case.

In late November 2022, Peters wrote Conduct Report No. 294247, alleging that three envelopes of purported legal mail addressed to Smith contained papers that tested positive for narcotics. (Dkt. 9-2.) The envelopes were opened outside Smith's presence by Peters and a detective for the Columbia County Sheriff's Department, defendant Emily Leland. (Dkt. 9-2.)

Smith's due process hearing on the conduct report took place on December 7, 2022. (Dkt. 9-4.) The administrative captain, defendant Kevin Pitzen, led the hearing. (Dkt. 9-4.) Smith alleged that he argued that: (1) the papers never tested positive for narcotics; and (2) the conduct report was "a continued harassment campaign by Peters, that was in retaliation" based on the Eastern District lawsuit and Smith's complaints to the warden, defendant Larry Fuchs, and other DOC staff. (Dkt. 7 ¶ 35.) Pitzen found Smith guilty and imposed 120 days of disciplinary segregation. (Dkt. 9-4.)

In his amended complaint, Smith went on to allege that on December 13, 2022, Smith was in segregation when now-deceased defendant Nathan Fosshage told him that the papers had never tested positive for narcotics, and that Columbia officials and Leland conspired to fabricate the conduct report to retaliate against him for the lawsuit and to protect Peters. (Dkt. 7 ¶¶ 41–44.)

Based on these allegations, the district court allowed Smith to proceed on: (1) a First Amendment retaliation claim; (2) a First Amendment claim based on the opening and reading of his legal mail; (3) a First Amendment claim

based on the withholding of his legal and other mail; (4) a Fourth Amendment claim based on the opening, reading, and withholding of his legal mail; (5) a Fourth Amendment claim based on a retaliatory strip search; (6) an Eighth Amendment excessive force claim; and (7) a Fourteenth Amendment class-of-one equal protection claim. (Dkt. 13.)

Claims 1–4 and 7 are related to Conduct Report No. 294247. To properly exhaust those claims as required by 42 U.S.C. § 1997e(a), Smith had to raise those issues at the disciplinary hearing and again on appeal to Warden Fuchs. *See Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023).

Early in the case, on April 24, 2023, Smith filed a motion for preliminary injunction, along with his declaration and supporting documents. (Dkt. 8, 9.) Attached to his declaration as Exhibit F was a copy of his conduct report appeal to Warden Fuchs. (Dkt. 9-6.) His appeal was one page, and the portion of the appeal completed by Smith contained very light handwriting. (Dkt. 9-6.) There was no notion on the one-page appeal that it contained any other pages. (Dkt. 9-6.)

In February 2024, Smith became aware that Defendants intended to file a motion for summary judgment based on his failure to properly exhaust available administrative remedies. (*See* Dkt. 26.) Through discovery, he also became aware in March 2024 that the Department did not retain a copy of his

conduct report appeal because it had been dismissed and expunged. (*See* Dkt. 76-1 ¶ 1.) Because Defendants didn't have a copy of the appeal in their records, they requested a copy from Smith during discovery, which he provided on April 2, 2024. (Dkt. 36:6 n.4; 39 ¶ 3.) But what Smith produced was not the same conduct report appeal he filed a year prior with the court. (*See* Dkt. 9-6, 39-1.) Instead, his one-page appeal was now three pages. (Dkt. 39-1.) The first page was an altered version of his one-page DOC-91 appeal form, which now contained a notation that it was "1 of 3" pages at the top. (Dkt. 39-1:1.) The second and third pages were on DOC-400B forms and contained notions at the top that they were "2 of 3" and "3 of 3" pages. (Dkt. 39-1:2–3.)

On April 12, 2024, Defendants filed their motions for summary judgment based on Smith's failure to exhaust. (Dkt. 35, 40.) To oppose the exhaustion motions, Smith argued that he exhausted claims 1–4 and 7 because he raised the underlying issues at the December 6 disciplinary hearing and on appeal to Fuchs. (*See* Dkt. 55 ¶¶ 28, 30, 32.) Smith specifically represented to the court that, "On December 8, 2022, I filed a 3 page DOC-91 APPEAL OF A CONTESTED HEARING, challenging the hearing officer's finding of guilt." (Dkt. 55 ¶ 30.) Smith attested to these statements under penalty of perjury. (Dkt. 55:16.)

### B. The district court raises the issue of Smith's suspected fraud and schedules and evidentiary hearing.

In their opening brief in support of their exhaustion motion, Defendants pointed out some discrepancies between the two different conduct report appeals filed and produced by Smith, noting that "[i]t is unclear whether this document is fabricated." (Dkt. 36:6 n.4.) Nonetheless, Defendants argued that Smith still failed to exhaust available remedies. (Dkt. 36:6 n.4.)

After reviewing the evidentiary record for Defendants' exhaustion motions, the district court *sua sponte* stayed the motions to hold an evidentiary hearing to determine whether Smith's three-page conduct report appeal was fabricated. (Dkt. 75.) The court explained the legal significance of the appeal document and the exhaustion requirement that Smith raise his claims both at the disciplinary hearing and again on appeal to the warden. (Dkt. 75:2.) The court went on to note that "[f]abricating a document to gain a litigation advantage is a serious matter" that needed to be addressed at an in-person hearing. (Dkt. 75:3.)

While it was undisputed that Smith filed an appeal on the DOC-91 form on December 8, 2022, and that Fuchs dismissed the conduct report on December 20, 2022, the court needed to determine whether Smith submitted the two continuation pages with his appeal to Fuchs, as he said, or if he prepared them later to support his opposition to the exhaustion motions. (Dkt. 79:1.)

In its January 22, 2025 order, the district court provided clear guidance to Smith on the issue to be address at the hearing, instructing that "[t]he sole issue for the hearing will be whether Smith fabricated the appeal form to try to show that he exhausted issues that he didn't actually raise on appeal." (Dkt. 75:3.) The court went on to note that it "expect[ed] the state defendants to present testimony from a DOC employee with knowledge of its procedures for processing appeals of contested hearings, along with the testimony of Fuchs and Pitzen." (Dkt. 75:3.) The hearing was scheduled for March 20, 2025, providing the parties with almost two months to prepare. (Dkt. 2-5-25, *text only entry*.)

### C. The evidentiary hearing.

An evidentiary hearing was held on March 20, 2025. (Dkt. 85.) Smith testified at the hearing, along with defense witnesses Kristy Szelagowski, Kevin Pitzen and Larry Fuchs. (Dkt. 102:2–3.) Throughout the hearing, Smith was given an opportunity to testify, cite and display his exhibits and cross-examine the witnesses. (*See generally* Dkt. 102.)

During the hearing, Smith first testified that he used a pencil to complete the DOC-91 form (the first page of his conduct report appeal). (Dkt. 102 (Tr. of 3/20/2025 Hearing 7:20–22).) This testimony made sense, since pens are not allowed on Smith's restricted housing unit. (Dkt. 102 (Tr. of 3/20/2025 Hearing 6:3–5).) But Smith later testified that he used a pen to write all three pages of

his appeal. (Dkt. 102 (Tr. of 3/20/2025 Hearing 8:7–15).) Smith also testified that before he submitted the appeal to the warden, he wrote "1 of 3" on the first page, "2 of 3" on the second page, and "3 of 3" on the third page of the appeal. (Dkt. 102 (Tr. of 3/20/2025 Hearing 9:4–6).)

Smith acknowledged that to support the motion for injunctive relief that he filed in this case in April 2023, he filed a copy of the first page of the appeal that lacked the notation "1 of 3," and that he didn't file the purported continuation pages with that copy. (Dkt. 102 (Tr. of 3/20/2025 Hearing 11:6–18).) He had no explanation for why the two versions of his appeal document were different. (*See* Dkt. 102 (Tr. of 3/20/2025 Hearing 51:3–53:25).)

At the hearing, Kristy Szelagowski, the deputy warden's secretary, also testified. (Dkt. 102 (Tr. of 3/20/2025 Hearing 12–20).) She was the hearing officer for Smith's disciplinary hearing and was responsible for typing into the record any statements made by Smith during his hearing. (Dkt. 102 (Tr. of 3/20/2025 Hearing 14:2–4).) Szelagowski testified that if Smith would have argued at the hearing that the conduct report was retaliation, she would have noted this in the record, but no such reference to retaliation was noted. (Dkt. 102 (Tr. of 3/20/2025 Hearing 15:25–16:5).)

Szelagowski further testified that when the warden dismisses a conduct report after an appeal and it becomes expunged, the institution's hard copy of the conduct report documents is shredded. (Dkt. 102 (Tr. of 3/20/2025 Hearing

19:25–20:22).) This process was part of the institution's retention schedule because conduct reports that have been dismissed should no longer be part of an inmate's record, so they are removed and not retained. (Dkt. 102 (Tr. of 3/20/2025 Hearing 22:2–23:2).) This policy was reaffirmed by Fuchs in his testimony that after a conduct report is reversed and expunged, any paper copies are discarded. (Dkt. 102 (Tr. of 3/20/2025 Hearing 38:16–25).)

At the conclusion of the hearing, the district court took the matter under advisement and instructed that it would issue a written opinion. (Dkt. 102 (Tr. of 3/20/2025 Hearing 66:19).)

## II. The district court's decision sanctioning Smith for fabricating his conduct report appeal.

On March 24, 2024, the district court issued a written Opinion and Order finding that Smith fabricated the two additional pages affixed to the conduct report appeal he produced and relied upon to support his opposition to Defendants exhaustion motions. (Dkt. 86.) The court based its decision on the testimony and evidence presented at the hearing. (Dkt. 86:7.) The court then concluded that dismissal of Smith's case with prejudice was an appropriate sanction. (Dkt. 86:9–10.)

### A. Findings of fact.

The district court based its finding of fraud by Smith primarily on five considerations.

First, the district court noted that Smith submitted different versions of the first page of his conduct report appeal. (Dkt. 86:7.) The copy of the DOC-91 form that Smith submitted to support his motion for injunctive relief, which he filed in April 2023, didn't have the notation "1 of 3" on it (Dkt. 9-6), while the purported original copy of the DOC-91 form that Smith produced to Defendants a year later had "1 of 3" written on it. (Dkt. 82-2; 86:7.) The court found that Smith added "1 of 3" to the purported original copy during the course of this lawsuit, and that Smith's testimony that he wrote "1 of 3" on the DOC-91 form in December 2022 was false. (Dkt. 86:7.) The court further found that the DOC-91 form that Smith filed in April 2023 with his motion for injunctive relief didn't have any continuation pages, and he could not explain why he didn't file them at that time. (Dkt. 86:7.)

Second, the district court noted the discrepancy between the issues stated in the three-page appeal—which were much broader—and Smith's statement recorded in the conduct report record. (Dkt. 86:7, *comparing* Dkt. 84-1: 2–3, *with* Dkt. 82-1:7.) The court observed that according to the summary, Smith argued that his legal papers were authentic and didn't contain narcotics. But in the additional pages of his appeal, Smith's raised issues that closely tracked the allegations in his amended complaint, including that he was the victim of a retaliatory conspiracy based on the Eastern District lawsuit and other protected activity. (Dkt. 86:7–8.) The court found Szelagowski's testimony credible and

that she likely would have included the issue of retaliation on his conduct report record if Smith actually did raise it at the hearing. (Dkt. 86:8.)

Third, the district court discussed how the three-page version of Smith's appeal had inconsistent dates. (Dkt. 86:8.) Smith dated each page December 8, 2023, even though Fuchs dismissed the appeal on December 20, 2022. (Dkt. 86:8.) The court found it unlikely that Smith would have mistakenly written a future year because when people miswrite the year, they typically write the previous year, not a future one. (Dkt. 86:8.)

Fourth, the district court found that Smith submitted other false testimony. (Dkt. 86:8.) It explained that after initially testifying that he completed the first page of the appeal with a pencil, Smith clarified that he used a pen to write each page. (Dkt. 86:8.) However, the continuation pages are legibly written with a pen, whereas the first page is mostly too faint to read. (Dkt. 86:8.) Smith testified that the writing was faint because the first appeal page is the carbon copy of the DOC-91 form. (Dkt. 86:8.) But Fuchs's decision written on the bottom of the form, presumably written with a pen, is sharp and easy to read. (Dkt. 86:8.) The court explained that if Smith had used a pen as he said, his handwriting would likely have been similarly legible. (Dkt. 86:8.)

Fifth, the district court stated that Smith made inconsistent statements about when he first realized that there was a retaliation conspiracy against him. (Dkt. 86:8.) In his amended complaint, the court explained, Smith alleged

that he learned about the conspiracy on December 13, 2022, when Fosshage spoke with him. (Dkt. 86:8; 7 ¶¶ 38, 44.) But in both his opposition to the exhaustion motions and the continuation pages, Smith said that he complained about a retaliation conspiracy at the December 6 hearing. (Dkt. 86:8–9; 53:14; 55 ¶ 28; 84-1:2–3.)

Finally, the district court addressed Smith's primary argument at the evidentiary hearing: that the dispute over the legitimacy of his three-page appeal was ultimately Defendant's fault for destroying the documents related to Conduct Report No. 294247 and its appeal. (Dkt. 86:8.) The court found Defendant's testimony about Columbia's record-retention policy "credible, even though the policy itself was ill-conceived." (Dkt. 86:9.) It went on to note that there is no legal requirement that the Department preserve records of conduct report appeals, until the records are relevant to litigation, in which case all relevant evidence must be preserved. (Dkt. 86:9.) In this case, the court found, "the destruction of the records took place before Smith filed this suit, so defendant's conduct is not sanctionable." (Dkt. 86:9.)

### B. The district court found that dismissal of Smith's case was the appropriate sanction.

Based on the factual findings above, the district court found "that Smith fabricated the two continuation pages during the course of this litigation to support his opposition to the exhaustion motions." (Dkt. 86:9.) The court

explained that "[i]n exchange for the privilege of access to the courts . . . all litigants [are expected] to be scrupulously honest in their statements to the court." (Dkt. 86:9.) It found Smith's submission of false documents "a grave insult to the integrity of the court and the judicial process." (Dkt. 86:9.) Thus, as a sanction for his dishonesty, the court dismissed Smith's case with prejudice. (Dkt. 86:9.)

The district court considered other sanctions such as a filing bar or dismissal of other pending cases but decided not to impose these more serious sanctions because there was "no evidence that Smith has a history of dishonesty in the courts." (Dkt. 86:9.)

Judgment dismissing this case was entered on March 24, 2025. (Dkt. 87.) This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion when it *sua sponte* ordered an evidentiary hearing to address Smith's fabrication of his conduct report appeal document and subsequently dismissed his case as a sanction. The district court has inherent authority to investigate suspected fraud and abuse of the judicial process. Smith was provided with ample notice of the hearing, instructed as to the specific fabrication issue with his appeal document, and cautioned that fabrication of a document was a serious matter. The record supports the district court's findings of fact, and dismissal of Smith case with

prejudice is an appropriate sanction for fabrication of exhaustion documents. Smith waived any attempt to explain away the discrepancies in his fabricated documents when he failed to present them to the district court. His attempts to do so on appeal should be denied, and the district court's judgment should be affirmed.

The district court also did not abuse its discretion when it declined to impose sanctions against Defendants for destroying his conduct report records. The records were destroyed as part of the Department's retention policy because Smith's conduct report was dismissed and expunged, and to ensure that the conduct report was no longer part of Smith's institutional records. There was no evidence suggesting that any of the Defendants destroyed evidence to hide illicit conduct, or that they knew litigation was imminent. Thus, the district court's finding that sanctions were not warranted was supported by the record and not an abuse of discretion.

There are no grounds for reversal, and the district court's judgment should be affirmed.

## STANDARD OF REVIEW

District courts have "inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (internal quotation marks and citation omitted). While a district court must exercise

caution and restraint in exercising its inherent power, *Schmude v. Sheahan,* 420 F.3d 645, 650 (7th Cir. 2005), this Court's review of the district court's choice of sanction is deferential: "[f]indings of fact must stand unless clearly erroneous, and a district judge's decision that a party's misconduct is serious enough to justify dismissal with prejudice is reviewed for abuse of discretion." *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Ams. LLC,* 516 F.3d 623, 625 (7th Cir. 2008).

Accordingly, this Court "will only reverse a district court's imposition of sanctions if one or more of the following is true: '(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary.'" *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 386 (7th Cir. 2008) (quoting *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir. 1996)).

## ARGUMENT

### I. The district court did not abuse its discretion when it *sua sponte* ordered an evidentiary hearing and subsequently imposed sanctions after finding that Smith fabricated a document that was central to a pending dispositive motion.

The district court acted within its inherent authority when it *sua sponte* ordered a hearing to determine if Smith fabricated his appeal documents. In

so ordering, the court provided Smith with ample notice of the fabrication issue, and the evidentiary hearing provided Smith with every opportunity to be heard regarding this type of sanctionable conduct. The district court's finding of fabrication following the hearing is supported by evidence in the record, as is the sanction of dismissal imposed by the court. None of Smith's arguments on appeal demonstrate that the district court did not act within its discretion by exercising its inherent power to dismiss Smith's suit with prejudice.

### A. A district court may act *sua sponte* in investigating and issuing sanctions.

Smith first takes issue with the fact that the district court acted *sua sponte* in investigating Smith's fraudulent appeal and subsequently sanctioning him for the misconduct. (Appellant's Br. 2–3.) He argues that the district court "did not specifically give warning of sanctions nor tell Appellant Smith what documents was being considered sanctionable nor why." (Appellant's Br. 3.) He is wrong.

District courts "possess certain 'inherent powers', not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citations

omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (court may issue sanction when party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (citation omitted)); *Secrease,* 800 F.3d at 402 ("Courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct."). Thus, nothing prevented the district court here from acting *sua sponte* and without a motion brought by Defendants when it spotted a possible fraud on the court. *See Santoyo v. City of Chicago*, 141 F.4th 1328, 1329 (7th Cir. 2025) (upholding sanctions imposed by district court *sua sponte*).

Also, the district court provided clear notice to Smith and an opportunity to be heard. Two months before the evidentiary hearing, the court provided a written order instructing Smith that "[t]he sole issue for the hearing will be whether Smith fabricated the appeal form to try to show that he exhausted issues that he didn't actually raise on appeal." (Dkt. 75:3.) It further warned Smith that "[f]abricating a document to gain a litigation advantage is a serious matter." (Dkt. 75:3.) The court went into detail as to why Smith's appeal document was central to Defendants' pending exhaustion motions. (Dkt. 75:2–3.) It also clarified in a subsequent order that "Smith will have a full opportunity at the hearing to explain why the appeal is not fabricated," and set forth instructions for exhibits and Defendants' witnesses. (Dkt. 79.)

Any contention by Smith that he lacked notice regarding the focus of the hearing is unsupported by the record.

Smith was fully aware that fabrication of his appeal documents was the purpose of the evidentiary hearing and that a finding of fabrication would have consequences. It was explicitly the only purpose of the hearing, and Smith had two months to prepare for it. After finding that Smith fabricated his appeal document and lied about it, it was well within the district court's inherent authority to sanction Smith with dismissal of his case. *See Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014) (affirming dismissal with prejudice as a sanction for inmate's fabrication of documents submitted in opposition to an exhaustion motion.) As this Court has acknowledged, "it goes without saying and hardly needs citation that a court need not warn a plaintiff . . . that it may not lie to a court." *Fuery v. City of Chicago*, 900 F.3d 450, 466 (7th Cir. 2018); *See also, Ayoubi v. Dart*, 640 F. App'x 524, 529 (7th Cir. 2016) ("no one needs to be warned not to lie to the judiciary.") The district court did not abuse its discretion, and judgment should be affirmed.

### B. Smith's argument relying on the district court's Preliminary Pretrial Conference Order is waived.

Second, Smith argues that the district court's finding that his three-page appeal was fabricated to support his opposition to the exhaustion motion was clearly erroneous because he was only following the court's "Preliminary

Pretrial Packet" instructions for numbering exhibits. (Appellant's Br. 3–4.) This argument misses the mark for several reasons, but mainly because he never raised this in the district court.

At the evidentiary hearing, Smith was directly asked by court to explain why page numbering appeared in the three-page version of his appeal and not the earlier-filed one-page version, but he had no explanation for why the two versions of his appeal document were different. (*See* Dkt. 102 (Tr. of 3/20/2025 Hearing 51:3–53:25).) He certainly did *not* tell the court he was just following the instructions in the court's Preliminary Pretrial Conference Order. (Dkt. 24.) On that basis, alone, his argument should fail. *Allen v. City of Chicago*, 865 F.3d 936, 943 (7th Cir. 2017) (It is well settled that arguments presented for the first time on appeal are waived.).

Smith's argument is also deceptive. He states that he was "direct[ed]" by the district court to paginate all his documents submitted to the court "due to unpaganated [sic] pages" he had previously filed. (Appellant's Br. 2.) In fact, the district court's Preliminary Pretrial Conference Order was not filed in response to any of his earlier filings—it was issued after a routine scheduling conference took place, and eight months after Smith filed his preliminary injunction motion and one-page conduct report appeal. (Dkt. 24:1.) Further, Smith did not file the fabricated three-page appeal in court—he produced it to Defendants in discovery and specifically represented to the court that his

appeal was this three-page document (Dkt. 55 ¶ 30.) The Preliminary Pretrial Conference Order did not direct Smith to paginate documents he produced to Defendants in discovery, it set forth procedures for filing summary judgment motions and trial exhibits. (Appellant's Appx. 1–7.)

Moreover, Smith failed to present any such argument when he was under oath at the evidentiary hearing or any other time in the district court. At the very least, this argument has been waived.

### C. The district court properly considered the incorrect date Smith affixed to his conduct report appeal.

Finally, Smith argues that the district court's decision was arbitrary because it considered the fact that Smith incorrectly dated his appeal documents a year ahead instead of 2022, the year he filed the appeal with the warden. (Appellant's Br. 4.) He contends that the district court "made the exact mistake" when it noted the date of the hearing as March 30 instead of March 20 in its written decision. (*Id.*) His argument misses the mark.

In its written decision, the district court noted that Smith did not address the date discrepancy at the hearing. (Dkt. 86:8.) The court also found it "unlikely that Smith would have mistakenly written a future year." (Dkt. 86:8.) This was only one consideration the court made in its factual findings, (*see* Dkt. 86:7–8), and the evidence clearly supported that conclusion. That the court's decision contained a typographical error of the March 20 hearing date

does nothing to call this factual finding into question—the court emphasized mistakenly writing a future year, not an incorrect day of the month. This finding was not clearly erroneous.

The district court properly exercised its discretion when it dismissed his case with prejudice for Smith presenting and relying upon a document he fabricated to oppose Defendants' exhaustion motions. This Court has held that "falsifying evidence to secure a court victory undermines the most basic foundations of our judicial system. . . . Even if it is not successful, the effort imposes unjust burdens on the opposing party, the judiciary, and honest litigants who count on the courts to decide their cases promptly and fairly." *Secrease*, 800 F.3d at 402. Smith is an experienced and sophisticated pro se litigant who engaged in serious misconduct at the time and expense of the court and parties. The district court did not abuse its discretion in sanctioning this misconduct, and its decision should be affirmed.

## II. The district court did not abuse its discretion when it declined to impose sanctions against Defendants for destroying Smith's conduct report records pursuant to its expungement policy and before any litigation was anticipated.

Smith also contends that the district court abuse its discretion when it failed to *sua sponte*[2] sanction Defendants for destroying his conduct report

[2] Smith never filed a motion to sanction the Defendants for spoilation of evidence.

record after it was dismissed by Fuchs and expunged from his prison records. (Appellant's Br. 5–6.) His argument lacks both legal and factual merit.

A spoliation sanction is proper only when a party has a duty to preserve evidence because he knew, or should have known, that litigation was imminent. *Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008). A showing of bad faith is also necessary. Fed. R. Civ. P. 37(e); *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013).

Here, the district court had no evidence suggesting that any of the Defendants destroyed evidence to hide illicit conduct. To the contrary, the retention policy was in place to ensure that dismissed conduct reports did not remain in an inmate's institutional records. (Dkt. 102 (Tr. of 3/20/2025 Hearing 22:2–23:2).) The district court found Defendants' testimony regarding this policy credible, though "ill-conceived." (Dkt. 86:9.) Further, there was no evidence that any Defendant knew or should have known that litigation was imminent, especially given that the conduct report was dismissed and expunged from Smith's records.

Hence, the district court acted within its discretion when it declined to *sua sponte* sanction Defendants.

## CONCLUSION

This court should affirm the district court's decision and judgment dismissing this case with prejudice as a sanction for Smith's misconduct.

Dated this 29th day of October 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Jody J. Schmelzer
JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796

Attorneys for Defendants-Appellees
Peters, Fuchs, Blount, Pitzen, Lange,
Ronwer, Phipps, Nguyen, and Fosshage

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3094
(608) 294-2907 (Fax)
jody.schmelzer@wisdoj.gov

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), typeface requirements of Fed. R. App. P. 32(a)(5), and type style requirements of Fed. R. App. P. 32(a)(6).

> This brief contains 5,599 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 13 point Century Schoolbook.

Dated this 29th day of October, 2025.

Electronically signed by:

s/ Jody J. Schmelzer
JODY J. SCHMELZER
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2025, I electronically filed the foregoing Brief of Defendants-Appellees with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

I further certify that two copies of the above document were mailed to:

ANTONIO M. SMITH #275561
COLUMBIA CORRECTIONAL INSTITUTION
POST OFFICE BOX 950
PORTAGE, WI 53901

Dated this 29th day of October, 2025.

Electronically signed by:

s/ Jody J. Schmelzer
JODY J. SCHMELZER
Assistant Attorney General