**No. 25-1513**

# The United States Court of Appeals for the Seventh Circuit

ANTONIO M. SMITH,
*Plaintiff-Appellant,*
v.
ERIC PETERS, et al.
*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Wisconsin
Case No. 23-CV-00191-jdp
Honorable Judge James D. Peterson

**BRIEF OF DEFENDANT-APPELLEE**
**Emily Leland**

SAMUEL C. HALL, JR.
WI State Bar No. 1045476
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant-Appellee Emily Leland
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: 414-271-7722
shall@crivellolaw.com
zflood@crivellolaw.com

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

The undersigned counsel for Appellees furnishes the following list in compliance with Circuit Rule 26.1:

1. The full name of every party the attorneys represent in this case:

   Emily Leland.

2. The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court:

   Crivello, Nichols & Hall, S.C. represents Defendant-Appellee Emily Leland.

3. Any parent corporation and any publicly held company that own 10% or more of stock or shares:

   Not Applicable.

s/ *Samuel C. Hall*
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant-Appellee, Emily Leland
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
SHall@CrivelloLaw.com
ZFlood@CrivelloLaw.com

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

The undersigned counsel for Appellees furnishes the following list in compliance with Circuit Rule 26.1:

1. The full name of every party the attorneys represent in this case:

Emily Leland.

2. The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court:

Crivello, Nichols & Hall, S.C. represents Defendant-Appellee Emily Leland.

3. Any parent corporation and any publicly held company that own 10% or more of stock or shares:

Not Applicable.

s/ *Zachary J. Flood*
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant-Appellee, Emily Leland
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
SHall@CrivelloLaw.com
ZFlood@CrivelloLaw.com

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ................................................ i

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT .............................................. iv

TABLE OF AUTHORITIES ..................................................................... vii

JURISDICTIONAL STATEMENT ............................................................... 1

INTRODUCTION .................................................................................... 2

STATEMENT OF THE ISSUES ................................................................ 4

STATEMENT OF THE CASE ................................................................... 5

I. PROCEDURAL HISTORY ......................................................................... 5

A. Factual Background Leading to the District Court's Suspicion that Smith Fabricated his Conduct Report Appeal. ......................................... 5

B. The District Court Raises the Issue of Smith's Suspected Fraud and Schedules an Evidentiary Hearing. ......................................................... 7

C. The Evidentiary Hearing. ....................................................................... 8

II. THE DISTRICT COURT'S DECISION SANCTIONING SMITH FOR FABRICATING HIS CONDUCT REPORT APPEAL. ......................................9

A. Findings of Fact. ..................................................................................... 9

B. The District Court Found that Dismissal of Smith's Case was the Appropriate Sanction. ..............................................................................9

SUMMARY OF THE ARGUMENT ......................................................... 9

STANDARD OF REVIEW ...................................................................... 10

ARGUMENT ........................................................................................ 11

I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY SUA SPONTE ORDERING AN EVIDENTIARY HEARING AND IMPOSING SANCTIONS ON SMITH FOR FABRICATING EVIDENCE................................ 11

A. A District Court May Act Sua Sponte in Investigating and Issuing Sanctions. .......... 12

B. Smith's Argument Relying on the District Court's Preliminary Pretrial Conference Order is Waived. .......... 12

C. The District Court Properly Considered the Incorrect Date Smith Affixed to his Conduct Report Appeal. .......... 12

II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DECLINED TO SANCTION DEFENDANTS-APPELLEES FOR THE DESTRUCTION OF SMITH'S CONDUCT REPORT RECORDS PURSUANT TO WDOC POLICY AND BEFORE LITIGATION WAS ANTICIPATED. .......... 13

CONCLUSION .......... 15

CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), FRAP RULE 32(c) .......... 16

PROOF OF FILING AND SERVICE .......... 17

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bracey v. Grondin*,
712 F.3d 1012 (7th Cir. 2013) .......... 14

*Gile v. United Airlines, Inc.*,
95 F.3d 492 (7th Cir. 1996) .......... 11

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*,
529 F.3d 371 (7th Cir. 2008) .......... 11

*Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Ams. LLC*,
516 F.3d 623 (7th Cir. 2008) .......... 9, 10

*Schmude v. Sheahan*,
420 F.3d 645 (7th Cir. 2005) .......... 10

*Secrease v. W. & S. Life Ins. Co.*,
800 F.3d 397 (7th Cir. 2015) .......... 10

*Trask-Morton v. Motel 6 Operating L.P.*,
534 F.3d 672 (7th Cir. 2008) .......... 14

**Statutes**

28 U.S.C. § 1291 .......... 1

28 U.S.C. § 1331 .......... 1

28 U.S.C. § 1343(a)(4) .......... 1

42 U.S.C. § 1983 .......... 1, 5

42 U.S.C. § 1997e(a) .......... 2

Prison Litigation Reform Act (PLRA) .......... 2, 5, 7

**Other Authorities**

Cir. R. 25(a).......... 17

Cir. R. 25(b) .......... 17

Cir. R. 25(d) .......... 17

Cir. R. 31(a) ..... 17

Circuit Rule 32(c) ..... 16

Fed. R. App. P. 25(a) ..... 17

Fed. R. App. P. 25(b) ..... 17

Fed. R. App. P. 25(c)(B) ..... 17

Fed. R. App. P. 25(d) ..... 17

Fed. R. App. P. 28(i) ..... 4

Fed. R. App. P. 31(a) ..... 17

Fed. R. App. P. 32(c) ..... 16

Fed. R. App. P. 32(f) ..... 16

Fed. R. App. P. 32(g) ..... 16

Fed. R. Civ. P. 37(e) ..... 14

Rule 32(a)(7) of the Federal Rules of Appellate Procedure ..... 16

United States Constitution, Eighth Amendment ..... 1, 6

United States Constitution, First Amendment ..... 1, 5, 6

United States Constitution, Fourth Amendment ..... 1, 6

United States Constitution Fourteenth Amendment ..... 1, 7

# JURISDICTIONAL STATEMENT

The jurisdictional statement of Plaintiff-Appellant Antonio M. Smith ("Smith") is not complete and correct. Accordingly, Defendant-Appellee Emily Leland ("Detective Leland") submits the following jurisdictional statement.

Smith filed this action in the United States District Court for the Western District of Wisconsin, the Honorable James D. Peterson presiding, on March 23, 2023. (R. 1). Smith brought his claims against Defendants-Appellees under 42 U.S.C. § 1983, and he alleges they violated of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (*See* R. 7; *see also* R. 13). Therefore, the District Court had federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

On March 24, 2025, the District Court issued a decision and order dismissing this case with prejudice as a sanction against Smith for fabricating evidence he filed with the court. (R. 86). A final judgment was entered on March 24, 2025. (R. 87).

Smith filed his Notice of Appeal on March 26, 2025, and no other issues relating to the merits of his claims remain before the District Court. (R. 88). Therefore, the United States Court of Appeals for the Seventh Circuit has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

## INTRODUCTION

Smith is an inmate with the Wisconsin Department of Corrections ("WDOC") and is currently housed at the Columbia Correctional Institution ("Columbia" or "CCI"). (R. 62, ¶ 1). During the period in which the alleged events giving rise to this action are claimed to have occurred, Detective Leland was employed by Columbia County as a Sheriff's Detective at the Columbia County Sheriff's Department ("CCSD"). (R. 66, ¶ 11). Defendants-Appellants Ryan Blount, Nathan Fosshage, Larry Fuchs, Cooper Lange, Jeffery Nguyen, Eric Peters, Jeremiah Phipps, Kevin Pitzen, and Dustin Rohwer (collectively referred to hereafter as the "State Appellees") were all WDOC employees employed at Columbia.[1] (R. 62, ¶¶ 2–10).

On appeal, Smith contends that the District Court abused its discretion when it *sua sponte* ordered an evidentiary hearing in this matter; when, following the evidentiary hearing, it determined that Smith fabricated evidence he had submitted to the court in opposition to Detective Leland's and the State Appellees' motions for summary judgment alleging that Smith failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"); and when the District Court dismissed this case with prejudice as a sanction for Smith's misconduct. (*See generally* Dkt. 20 (Appellant's Br.)). Smith also argues that the District Court's failure to sanction

---

[1] The undersigned counsel represents Detective Leland in this matter, who is not a State of Wisconsin employee. The State Appellees have been represented by separate counsel throughout this case.

Defendant-Appellees for the destruction of a conduct report record, which occurred pursuant to CCI's record-retention policy prior to this litigation, constitutes an abuse of discretion. (*See id.*)

Detective Leland maintains and represents that the underlying facts, legal issues, and arguments supporting her motion for summary judgment on exhaustion grounds, her arguments raised at the evidentiary hearing in this matter, and her opposition to Smith's current appeal overlap and closely align with the State Appellees' arguments on these issues, including their position that this Court should affirm the District Court's dismissal of this case with prejudice. Accordingly, to avoid restating duplicative information and arguments in this brief, Detective Leland fully adopts and incorporates herein by reference the statements, arguments, and legal authorities relied upon and set forth by the State Appellees in select portions their appellate response brief. *See* Fed. R. App. P. 28(i). The portions of the State Appellees' response brief which Detective Leland adopts and incorporates herein by reference are expressly identified, cited, and referenced by Detective Leland at various points throughout this brief. To this end, and in addition to the foregoing, Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in section of the State Appellees' response brief entitled "Introduction." (*See* State Appellees' Appellate Response Brief (hereafter "State Br.," pp. 1-3)).

## STATEMENT OF THE ISSUES

1. Whether the District Court abused its discretion when it *sua sponte* ordered an evidentiary hearing and imposed sanctions after finding that Smith fabricated a document that was central to a pending dispositive motion.

2. Whether the District Court abused its discretion when it declined to impose sanctions against Defendants-Appellees for the destruction of Smith's conduct report records pursuant to the WDOC's expungement policy and before any litigation was anticipated?

## STATEMENT OF THE CASE

### I. PROCEDURAL HISTORY.

#### A. Factual Background Leading to the District Court's Suspicion that Smith Fabricated his Conduct Report Appeal.

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section I, subsection A, of the Statement of the Case section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 4-7). In addition, Detective Leland states as follows:

Smith filed his Amended Complaint in this matter on April 11, 2023. (R. 7). Pursuant to PLRA, the District Court screened the Amended Complaint. (R. 13). On September 26, 2023, the court issued its screening order allowing Smith to proceed on several 42 U.S.C. § 1983 claims against Detective Leland and the State Appellees. (*Id.*) Except for Detective Leland, the remainder of the defendants against whom the District Court allowed Smith to pursue claims were all WDOC employees employed at CCI, and they referred to herein as the "State Appellees." (R. 7, ¶¶ 2-10; R. 22, ¶¶ 1-12; *see generally* Dkt. 13; R. 62, ¶¶ 2-10). Based on the allegations in the Amended Complaint, the District Court granted Smith leave to proceed on the following claims against Detective Leland in this case:

(1) First Amendment retaliation claim ("Claim 1") based on Smith's allegations that Detective Leland worked in concert and/or conspired with other State Appellees to retaliate against Smith for filing a lawsuit in the District Court for the Eastern District of Wisconsin.

(R. 13, pp. 1, 5-6). The District Court noted in its screening order that the alleged retaliation giving rise to this claim "included falsely accusing [Smith] of narcotics activity, depriving him of procedural protections to cover up the conspiracy to retaliate against him, and planning his assault." (*Id.*, p. 5).

(2) First Amendment claim ("Claim 2") based on allegations that Detective Leland, in concert with others, opened and read Smith's legal mail outside of his presence. (*Id.*, pp. 1, 6-7).

(3) First Amendment claim ("Claim 3") based on allegations that Detective Leland, in concert with others, withheld Smith's legal mail. (*Id.*, pp. 1-2, 7).

(4) Fourth Amendment claim ("Claim 4") based on allegations that Detective Leland, in concert with others, opened, read, and withheld Smith's legal mail. (*Id.*, pp. 2, 8-9).

(5) Fourth Amendment claim ("Claim 5") based on allegations that certain State Appellees subjected Smith to a strip-search on November 16, 2022, in violation of his constitutional rights. The Amended Complaint does not allege that Detective Leland was present during this strip-search, but the District Court allowed this claim to proceed against her based on allegations that she was a member "of the alleged retaliation conspiracy." (*Id.*, pp. 2, 9-10; *see also* R. 7, ¶¶ 9-19).

(6) Eighth Amendment excessive force claim ("Claim 6") based on allegations that certain State Appellees subjected Smith to excessive force at Columbia Correctional Institution on November 16, 2022. The Amended Complaint does not allege that Detective Leland was present during this encounter or personally used forced against Smith, but the Court allowed this claim to proceed against her based on allegations that she was a member

"of the alleged retaliation conspiracy." (R. 13, pp. 2, 10-11; *see also* R. 7, ¶¶ 9-19).

(7) Fourteenth Amendment class-of-one equal protection claim ("Claim 7") based on Smith's allegations that Detective Leland, in concert with others, "retaliate[d] against him because of his lawsuit in the Eastern District, and that he was treated differently than similarly situated prisoners." (R. 13, pp. 2, 12).

On November 16, 2023, Detective Leland filed an Answer and Affirmative Defenses to the Amended Complaint. (R. 23). In her responsive pleading, Detective Leland affirmatively asserted that this action is subject to the PLRA. (*Id.*, p. 17). She also asserted as an affirmative defense, among others, that Smith "may have failed to exhaust administrative remedies other than pursuit of a lawsuit in federal district court[.]" (*Id.*)

On April 12, 2024, Detective Leland and the State Appellees filed their respective motions for summary judgment, both of which were based on Smith's failure to exhaust his available administrative remedies prior to bringing this suit. (R. 35; R. 40). In opposing both motions for summary judgment, Smith argued that he exhausted Claims 1–4 and 7 because he raised the underlying issues at a disciplinary hearing on December 6, 2022, and on appeal to Larry Fuchs. (*See* R. 55, ¶¶ 28, 30, 32). Briefing on the State Appellees' motion for summary judgment was completed on July 29, 2024, and briefing on Detective Leland's motion for summary judgment was completed on August 2, 2024. (R. 61; R. 65).

### B. The District Court Raises the Issue of Smith's Suspected Fraud and Schedules an Evidentiary Hearing.

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section I, subsection B, of the Statement

of the Case section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 7-9).

**C. The Evidentiary Hearing.**

An evidentiary hearing was held on March 20, 2024. (R. 85). Smith appeared at the hearing on his own behalf; the State Appellees appeared through their counsel; and Detective Leland appeared through her counsel. (R. 102, p. 2). Smith testified at the hearing, along with defense witnesses Kristy Szelagowski, Kevin Pitzen and Larry Fuchs. (*Id.*; R. 85).

After the evidence had been presented at the hearing, the parties made closing arguments to the court. (R. 102, pp. 58:8-65:15). Detective Leland, through her counsel, made the following closing argument at the evidentiary hearing:

> So on behalf of defendant Leland, I -- I adopt all of the arguments of -- of the State as well, but I -- I would also like to point out that Mr. Smith did testify that he did not -- he wrote page "one of three" on that first appeal prior to submitting it to the warden, and he testified that he did not make a copy of that first page, and now we have two documents in the file -- one without "one of three" at the top and one with "one of three" at the top; and if no copy of that document was ever made, one of those documents has to be fabricated. Thank you.

(*Id.*, p. 60:6-15).

In addition to the foregoing, Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section I, subsection C, of the Statement of the Case section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 9-11).

## II. The District Court's Decision Sanctioning Smith for Fabricating his Conduct Report Appeal.

On March 24, 2024, the District Court issued a written Opinion and Order finding that Smith fabricated the two additional pages affixed to the conduct report appeal he produced and relied upon to support his opposition to Defendants exhaustion motions. (R. 86). The District Court based its decision on the testimony and evidence presented at the hearing, ultimately concluding that the dismissal of Smith's case with prejudice was an appropriate sanction. (*Id.*, pp. 7, 9-10).

### A. Findings of Fact.

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section II, subsection A, of the Statement of the Case section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 11-14).

### B. The District Court Found that Dismissal of Smith's Case was the Appropriate Sanction.

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section II, subsection B, of the Statement of the Case section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 14-15).

## SUMMARY OF THE ARGUMENT

The District Court acted within its inherent authority when it *sua sponte* ordered an evidentiary hearing in this matter to investigate the suspected fabrication of evidence by Smith. The court's finding that Smith fabricated evidence is supported by the record, and

it was not made until after the parties were provided with an opportunity to be heard on this issue at the evidentiary hearing. Similarly, the District Court's decision to dismiss Smith's case in its entirety and with prejudice was also within its inherent authority, and the court did not abuse its discretion by imposing this sanction on Smith for submitting false documents to the court to gain an advantage in litigation, which as the District Court noted, ". . . is a grave insult to the integrity of the court and the judicial process." (*See* R. 86, p. 9).

In addition to the foregoing, Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in the Summary of the Argument section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 15-16). Because no factual or legal basis to reverse the District Court's decision exists, this Court should affirm the District Court's judgment.

## STANDARD OF REVIEW

District courts have "inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (internal quotation marks omitted). While a district court must exercise caution and restraint in exercising its inherent power, *Schmude v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005), this Court's review of the district court's choice of sanction is deferential: "[f]indings of fact must stand unless clearly erroneous, and a district judge's decision that a party's misconduct is serious enough to justify dismissal with prejudice is reviewed for abuse of discretion." *Ridge Chrysler Jeep, LLC v.*

*DaimlerChrysler Fin. Servs. Ams. LLC*, 516 F.3d 623, 625 (7th Cir. 2008). Accordingly, this Court "will only reverse a district court's imposition of sanctions if one or more of the following is true: '(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary.'" *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 386 (7th Cir. 2008) (quoting *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996)).

## ARGUMENT

### I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY SUA SPONTE ORDERING AN EVIDENTIARY HEARING AND IMPOSING SANCTIONS ON SMITH FOR FABRICATING EVIDENCE.

The District Court did not abuse its discretion when it *sua sponte* ordered an evidentiary hearing to determine if Smith fabricated evidence submitted to the court, as this was within the court's inherent authority. Similarly, the District Court's finding that Smith fabricated documents he filed with the court—which were central to his opposition to Detective Leland's and the State Appellees' pending dispositive motions—is supported by the evidentiary record. The evidence in the record also supports the court's imposition of sanctions, and the dismissal of Smith's case with prejudice was an appropriate sanction for Smith's dishonesty. Thus, the District Court did not abuse its discretion, and this Court should affirm the dismissal of Smith's case, in its entirety, and with prejudice.

**A. A District Court May Act Sua Sponte in Investigating and Issuing Sanctions.**

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section I, subsection A, of the Argument section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 17-20).

**B. Smith's Argument Relying on the District Court's Preliminary Pretrial Conference Order is Waived.**

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section I, subsection B, of the Argument section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 20-22).

**C. The District Court Properly Considered the Incorrect Date Smith Affixed to his Conduct Report Appeal.**

Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section I, subsection C, of the Argument section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See* State Br., pp. 22-23).

## II. The District Court Did Not Abuse its Discretion When it Declined to Sanction Defendants-Appellees for the Destruction of Smith's Conduct Report Records Pursuant to WDOC Policy and Before Litigation was Anticipated.

Smith argues that the District Court abused its discretion by failing to *sua sponte*[2] sanction Defendants-Appellees for the destruction of his conduct report record after it was dismissed by Fuchs and expunged from his prison records per WDOC policy. (*See* Dkt. 20, pp. 5-6). It is unclear whether Smith is contending that the District Court abused its discretion by not sanctioning Detective Leland along with the State Appellees, or if his arguments are limited to the court's non-sanctioning of the State Appellees. Regardless, the District Court did not abuse its discretion by failing to *sua sponte* sanction either the State Appellees or Detective Leland, and Smith's arguments lack legal and factual merit.

To the extent Smith's arguments in this regard are also intended to encompass the District Court's non-sanctioning of Detective Leland, they fail for the same reasons set forth in the State Appellees' response brief. (*See* State Br., pp. 23-24). Accordingly, Detective Leland hereby fully adopts and incorporates by reference herein the statements, arguments, and authorities set forth in Section II of the Argument section of the State Appellees' response brief to avoid restating duplicative information and arguments. (*See id.*)

---

[2] Smith did not file a motion to sanction Defendants-Appellees for any alleged spoilation of evidence with the District Court.

Additionally, there is no evidence suggesting that Detective Leland was aware of the existence or destruction of Smith's conduct report record at issue prior to this lawsuit, much less that she had custody, control, or authority with respect to the retention or destruction of this record. Rather, the court found that the defense witnesses' testimony at the evidentiary hearing regarding CCI's record-retention policy to be credible, and that the destruction of this record under that policy occurred prior to Smith filing this lawsuit. (R. 86, pp. 8-9).

Importantly, Detective Leland is not an employee of the State of Wisconsin; at all relevant times, she was employed by Columbia County as a Sheriff's Detective at the CCSD. (R. 62, ¶ 11). Absent any evidence that Detective Leland: (1) destroyed this record and/or that she did so in bad faith or to hide illicit conduct; (2) was aware of this record's existence or of CCI's retention policy prior to litigation; (3) was aware that this record had been destroyed prior to litigation; (3) had authority or control over the retention and/or destruction of this record or the implementation of CCI's retention policy; or that she (4) knew or should have known that litigation was imminent at the time this record was destroyed and expunged from Smith's WDOC prison records, there is no basis in fact or law to support the imposition of sanctions against her for the spoilation of evidence. *See* Fed. R. Civ. P. 37(e); *see also Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013); *see also Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008).

Because no such evidence exists in the record, the District Court acted within its discretion by not *sua sponte* sanctioning Detective Leland. Based on the foregoing and the arguments and authorities presented on this issue in the State Appellees' response brief,

the court also did not abuse its discretion when it declined to sanction the State Appellees for the destruction of this record, which occurred pursuant to CCI's retention policy and prior to the filing of this lawsuit. (*See* State Br., pp. 23-24).

**CONCLUSION**

For the reasons set forth herein, and based on the statements, arguments, and authorities set forth in the State Appellees response brief which have been expressly adopted and fully incorporated by reference, as indicated herein, Detective Leland respectfully requests that this Court affirm the District Court's decision and judgment dismissing this case, in its entirety and with prejudice, for Smith's misconduct.

Respectfully submitted this 29th day of October, 2025.

s/ *Zachary J. Flood*
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant-Appellee, Emily Leland
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
SHall@CrivelloLaw.com
ZFlood@CrivelloLaw.com

**CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), FRAP RULE 32(c)**

The undersigned, counsel of record for Defendants-Appellees, furnishes the following certification in compliance with Rule 32(a)(7) of the Federal Rules of Appellate Procedure and Circuit Rule 32(c):

I hereby certify that this brief conforms to the type-volume rules contained in Fed. R. App. P. 32(a)(7) for a brief produced with a proportionally spaced 12-point (or larger) type-face font. The length of this brief is 3,462 words, excluding portions of the brief exempted by Fed. R. App. P. 32(f).

Respectfully submitted this 29th day of October, 2025.

s/ *Zachary J. Flood*

SAMUEL C. HALL, JR.
WI State Bar No. 1045476
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant-Appellee, Emily Leland
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
SHall@CrivelloLaw.com
ZFlood@CrivelloLaw.com

**PROOF OF FILING AND SERVICE**

Pursuant to Fed. R. App. P. 25(a) and 31(a) and Cir. R. 25(a) and 31(a), I certify that I electronically filed a digital copy of this brief in compliance with the procedures specified in Cir. R. 25(d), which will accomplish electronic notice and service for all participants who are registered CM/ECM users. In accordance with Fed. R. App. P. 25(b), 25(c)(B), and 25(d), and pursuant to Cir. R. 25(b) and 25(d), I further certify that I served Plaintiff-Appellant with paper copies of this brief via regular mail at the following address:

Antonio M. Smith #275561
Columbia Correctional Institution
Post Office Box 950
Portage, WI 53901-0950

Respectfully submitted this 29th day of October, 2025.

s/ *Zachary J. Flood*
SAMUEL C. HALL, JR.
WI State Bar No. 1045476
ZACHARY J. FLOOD
WI State Bar No. 1099136
CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant-Appellee, Emily Leland
710 N. Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: (414) 271-7722
SHall@CrivelloLaw.com
ZFlood@CrivelloLaw.com

☐

## CERTIFICATE OF SERVICE

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on ____________________, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/____________________________________

☑

## CERTIFICATE OF SERVICE

**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on October 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

| counsel / party: | address: |
| --- | --- |
| Antonio M. Smith #275561 | Columbia Correctional Institution PO Box 950 Portage, WI 53901-0950 |

s/ Zachary J. Flood